NEW AMSTERDAM CASUALTY COMPANY V. W. P. HAMBLEN ET AL.

No. A-578. Decided October 31, 1945.
Rehearing overruled November 28, 1945.
(190 S. W., 2d Series, 56.)

*William M. Ryan, T. E. Mosheim, Sam S. Minter* and *Baker, Botts, Andrews & Wharton,* all of Houston, for petitioners.

The requirement in an indemnity insurance contract that assurer must be notified of an accident involving the assured as soon as possible after the accident, is a condition precedent to an action for recovery under the policy, and assured's failure to so do will invalidate a claim under the contract, unless such noncompliance results in loss or damage to the assurer. Overland Sales Co. v. American Ind. Co. 256 S. W. 980; Moritz v. Byerly, 185 S. W. (2d) 589; Hope Spoke Co. v. Maryland Casualty Co., Ark., 143 S. W. 85.

*Bracewell & Tunks, J. S. Bracewell* and *Fentress Bracewell,* all of Houston, for respondents.

Since the evidence showed that failure to give immediate notice was wholly unintentional, and the jury found that no injury resulted, the judgment of the trial court was correct, and even if notice provision in the policy was a condition precedent,

the company waived such provision and was thereby estoppel for claiming it. Sun Mutual Ins. Co. v. Mattingly, 77 Texas 162, 13 S. W. 1016; Maryland Casualty Co. v. Robertson, 194 S. W. 1140; Carolina Ins. Co. v. Christopher, 130 Texas 245, 106 S. W. (2d) 138; 43 Tex. Jur., 900.

MR. JUSTICE HICKMAN delivered the opinion of the Court.

This suit was instituted by the executors of the estate of H. C. House, deceased, on an indemnity contract to recover the amount expended by the deceased in defense of a suit which, they allege, should have been defended by petitioner under the terms of the indemnity contract. Judgment was rendered in favor of the executors by the trial court and that judgment was affirmed by the Court of Civil Appeals. 186 S. W. (2d) 741.

The indemnity contract was designated "owners,' landlords', and tenants' public liability policy." It covered a building owned by the deceased, House, and occupied and used for a department store by his tenant, J. C. Penney Company. A suit for damages for personal injuries was filed against the owner and his tenant by a customer who was injured by a fall on a stairway in the building. For the reason hereinafter stated, petitioner refused to defend the suit and the owner defended it at his own expense. Final judgment in the damage suit was in favor of the owner and against the plaintiff therein and the only claim asserted against the petitioner in this suit is for the expenses incurred in the defense, the principal item of which was attorney's fees.

One of the obligations assumed by the petitioner in the policy was, "TO DEFEND, in the name and on behalf of the Assured, any suit against the Assured, even if groundless, brought on account of any accident covered by this Policy, * * *." Following the enumeration of this and other obligations assumed by petitioner was this heading, "SUBJECT TO THE FOLLOWING 'CONDITIONS." One of the named conditions was designated "Condition B" and was in this language:

"The Assured shall give immediate written notice of any accident, and like notice of any claim or suit resulting therefrom, together with every summons or other process, to the Executive Office of the Company at Baltimore, Md., or to its authorized representative, provided, however, that the failure to give such immediate notice shall not invalidate any claim made by the Assured, if it shall be shown not to have been reasonably possible to give such notice immediately and that notice was given as soon as was reasonably possible."

The party who filed the damage suit was injured on February 13, 1937. Mr. House had no knowledge of the occurrence until suit was filed on August 4, 1937. The first notice which petitioner had of the claim or of the suit came to its agents in the form of a letter from Mr. House's attorney on or about March 8, 1938. It is not deemed material to recite here the reasons for delay further than to state that it was brought about by unusual circumstances and not intentionally.

The case was submitted to a jury on special issues, in answer to which it was found that the owner, House, failed to give notice to petitioner of the citation within a reasonable time after receiving it, but that petitioner suffered no injury by reason of such failure, nor was it thereby prevented from making any defense in the suit. The jury further found that $1800.00 was a reasonable attorney's fee and the parties agreed that $300.00 additional expense was incurred by Mr. House in the defense of the suit. On this verdict and agreement judgment was rendered against the petitioner for $2100.00.

■ The decision of the principal question presented turns upon an interpretation of the notice requirement provision copied above. The courts below held, in effect, that the failure of the insured to comply with such requirement did not invalidate his claim under the finding by the jury that such failure did not result in loss or damage to the insurer. It is the theory of the insurer that it agreed to pay such claims and only such claims as those of which it had been given notice within a reasonable time, and that the finding by the jury that the insured failed to give it notice within such time entitled it to a judgment in its favor.

The notice requirement does not expressly invalidate the claim of the insured. Our question is whether or not it does so by necessary implication. It will be observed that the provision regarding notice is set out under the general heading "SUBJECT TO THE FOLLOWING CONDITIONS," and is also under the sub-head "Condition B." The entire provision is contained in a single sentence, the second part of which is a proviso introduced by the words "provided, however." It seems evident that the effect of the proviso is to limit the scope of the language to which it relates and except something therefrom which, but for such proviso, would be included, therein. Knight v. The Chicago Corp., 144 Texas 98, 188 S. W. (2d) 564. Unless this proviso had the effect of limiting the part of the sentence next preceding it, then it served no purpose at all. The necessary implication from the entire provision, it seems to us, is that the parties under-

stood that the general provision in the notice requirement, if left unqualified, invalidated all claims as to which immediate written notices were not given, and that the proviso was added to temper that harsh provision and make an exception in a case in which it is not reasonably possible to give such notice immediately. That is the only exception placed upon the notice requirement and we are not authorized to add the further one that a showing that no loss or damage resulted from the delay would relieve the insurer of the consequences of his failure to give immediate notice. Our conclusion is that, viewing the notice requirement under its designation as a condition and in connection with the proviso, the necessary implication to be drawn therefrom is that failure to give notice of an accident or suit as soon as reasonably possible invalidates the claim for indemnity. This conclusion, we think, is well supported by authority. Texas Glass & Paint Co. v. Fidelity & Deposit Co. of Maryland, (Comm. App.) 244 S. W. 113; T. J. Hefner v. Fidelity & Casualty Co., 110 Texas 596, 222 S. W. 966; Travelers Ins. Co., of Hartford, Conn., v. Scott, 218 S. W. 53, error refused; Houran v. Preferred Acc. Ins. Co. of New York, 109 Vt. 258, 195 Atl. 253; Hoffman v. Employers Liability Assurance Corp., Ltd. 144 Ore. 66, 29 Pac. (2d) 557.

■ Petitioner has elected to insist on its rights under the contract and it is our function as a court to declare those rights. While the jury has found that petitioner suffered no loss or damage by the delay in this case, it is not difficult to see that an insured charged with the duty of defending suits might, and in many cases would be prejudiced by such delay. At any rate, we are firmly of the opinion that its interpretation of the contract is correct and whether or not it is correct is the controlling question on this phase of the case.

■ Respondents take the position that the judgments of the courts below should be affirmed on the ground that the evidence showed, as a matter of law, a waiver of the notice provision and an estoppel to assert noncompliance. Alternatively, their position is that, if waiver or estoppel was not shown as a matter of law, an issue of fact with respect thereto was raised by the evidence, and the case should be remanded to the trial court in order to permit the jury to determine that issue. The record discloses that respondents requested, and the trial court refused to give, a special issue on the subject of waiver.

The day after petitioner was notified of the pendency of the suit and of the circumstances of the delay, it and House entered into the following:

"NON-WAIVER AGREEMENT

"It is hereby agreed by and between the New Amsterdam Casualty Company and the undersigned that no action heretofore or hereafter taken by the New Amsterdam Casualty Company shall be construed as a waiver of the right, if any, of the New Amsterdam Casualty Company to deny liability to the undersigned under a policy of insurance which is claimed by the undersigned to cover an accident to Mrs. Charles W. Mohr on or about the 13th day of February, 1937. It is also agreed that by the execution of this Agreement the undersigned does not thereby waive any rights under the said policy."

The respondents argue that, notwithstanding such non-waiver agreement, the petitioner waived its right to insist upon the invalidity of the claim. They also insist upon an estoppel against petitioner to rely upon the notice requirement provision. The essential elements of estoppel are not present. It is probable that the facts would have raised an issue of estoppel against the petitioner had it claimed that the entire policy was invalidated by the delay in giving notice. But that is not the question. Petitioner does not claim, and we do not hold that the policy was invalidated, but merely that this particular claim was invalidated by the delay.

On the question of waiver, in order that the evidence be held to be sufficient to raise such an issue it must warrant an inference that the petitioner, with full knowledge of the facts, did or failed to do something which is inconsistent with an intention to exercise its rights as set forth in the non-waiver agreement. Without detailing all the facts, we give it as our opinion that, but for the non-waiver agreement, they establish or, at any rate, raise an issue of fact as to waiver. But we know of no theory under which the non-waiver agreement may be broken through and a waiver decreed notwithstanding its provisions unless the acts are inconsistent with its terms. In the final analysis, the contention of respondents is, in effect, that petitioner waived its rights under the non-waiver agreement. They seek to destroy a non-waiver by invoking a waiver against it. The non-waiver agreement permitted petitioner to investigate fully all facts and circumstances which it might desire without thereby waiving its right to deny liability. Nothing which it did was inconsistent with its right to proceed with its investigation without effecting a waiver. It acted under the non-waiver agreement and not inconsistent with it.

Respondents attach materiality to the last sentence of the non-waiver agreement, which reads as follows:

"It is also agreed that by the execution of this agreement the undersigned does not thereby waive any rights under the said policy."

The difficulty with their position, as we see it, lies in the fact that their "rights under the said policy" did not include the right to limit the effect of the non-waiver agreement. We have held above that under the jury finding the claim was already invalidated on the date the notice was given to petitioner. Respondents had no right at that time to exact payment of petitioner and they did not, therefore, preserve such right in the quoted language from the non-waiver agreement. The following authorities on the question of the effect of a non-waiver agreement are thought to support our ruling on this question:

Commercial Standard Insurance Company v. Harper, 129 Texas 249, 103 S. W. (2d) 143 (1937) ; City of Wichita Falls v. Travelers Insurance Company, 137 S. W. (2d) 170 (Ft. Worth Civ. App. 1940) ; Utilities Insurance Company v. Montgomery, 134 Texas 640, 138 S. W. (2d) 1062 (1940).

In our view, no additional issues of fact to be determined by the trier of facts are suggested by this record. Accordingly, it is ordered that the judgments of the trial court and the Court of Civil Appeals be reversed and judgment here rendered that the respondents take nothing.

Opinion delivered October 31, 1945.

Rehearing overruled November 28, 1945.