**E. O. ALLEN, Appellant,**

v.

**WESTERN ALLIANCE INSURANCE COMPANY, Appellee.**

No. 3590.

Court of Civil Appeals of Texas.

Eastland.

Feb. 10, 1961.

Rehearing Denied March 10, 1961.

Saunders, Saunders & Grossenbacher, T. J. Saunders, Jr., J. C. Grossenbacher, Jr., and John M. Flatten, Jr., San Antonio, for appellant.

Evans & Williams, San Antonio, for appellee.

WALTER, Justice.

E. O. Allen filed suit against Western Alliance Insurance Company for reimbursement for medical expenses incurred by him and his wife. Allen had a family automobile policy with Western which included coverage for medical expenses of $1,000 for each person. Western denied liability because Allen failed to give notice of his accident "as soon as practicable" as provided for in the policy. The court granted Western's motion for summary judgment and Allen has appealed, contending the court erred in granting a summary judgment because genuine issues of material facts were raised.

On December 1, 1958, Allen and his wife were injured in the insured automobile. Each of them incurred more than a thousand dollars in doctor and hospital expenses. Allen alleges that his attorney notified Western of the accident by letter 107 days after the accident and that this notice satisfied the "as soon as practicable" provision of the policy.

The material portions of the policy are as follows: "Medical Payment—Limit $1000 (each person) * * * Notice: In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured, and also reasonably obtainable information with respect to time, place and circumstances, thereof, and the names and addresses of the injured and of available witnesses shall be given by or for the injured to the company or any of its authorized agents as soon as practicable. * * * Expenses for Medical Services. To pay all reasonable expenses incurred within one year from date of accident for necessary medical, surgical, x-ray and dental services, including prosthetic devices and necessary ambulance, hospital, professional nursing and funeral expenses."

The facts are undisputed. Western made a motion for summary judgment based on the pleadings, oral deposition of Allen, written deposition of the head of Western's claim department, written deposition of an assistant secretary of Western who was in charge of the automobile underwriting department and the policy provisions requiring written notice "as soon as practicable". In Allen's reply to the motion, he pleaded the same instruments that Western pleaded in support of its motion.

In his first amended petition Allen pleaded that because of the seriousness of his injuries he was unable to locate his memorandum of the insurance policy for quite some time after his accident; that several weeks prior to March 16, 1959, he found and mailed his memorandum of insurance to his attorney; that his attorney called the company's claim representative and was advised by the company's claim representative that he already had a copy of the police report of the accident and would· pay the bills when they were presented; that his attorney called the claim representative again and advised him the bills were ready to be presented for payment; that the company refused to pay the claims; that his attorney by letter dated March 16, 1959, notified the company of the accident; that he made a written proof of his loss on April 1, 1959.

By deposition Allen testified substantially as follows: that he stayed in the hospital about 11 days after his accident; that while he was at the hospital he was permitted to walk to the telephone; that after leaving the hospital he was cautioned to take it easy but there was nothing wrong with his hands, feet, ears and voice; that within 3 days after the accident he was represented by an attorney; that he also had a fire, theft, and collision insurance policy with Morris Insurance Company; that the accident was reported to Morris Insurance Company while he was in the hospital or soon thereafter because when he was able to be up and around he talked to Morris about it; that his attorney instituted a claim against the person responsible for his accident and on February 3, 1959, settled his case and he .executed a release. A specimen copy of the policy was attached to one of the written depositions and the letter from Allen's attorney dated March 16th to Western and a copy of his release of February 3, 1959, were attached to the other written deposition. No questions were asked by Allen's attorney when ·his deposition was taken and he filed no cross-interrogatories to the written depositions.

The evidence heard on a motion for summary judgment determines whether or not there is a genuine and material fact issue. It is not presented for the purpose of trying the fact issue.

In Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95, 96, our Supreme Court held in a case where it was contended that notice 32 days after the accident was "as soon as practicable" as follows: "While the question of whether notice was given 'as soon as practicable' is ordinarily a question of fact, if, as in this case, the facts are undisputed, the question then becomes a question of law for determination by the court. It is our view that the courts below did not err in holding that, as a matter of law, Gunter failed to give the required notice 'as soon as practicable.' Commercial Standard Insurance Co. v. Harper, Tex. Com.App., 129 Tex. 249, 103 S.W.2d 143, 145, 110 A.L.R. 529." In the case of New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56, 58, our Supreme Court held that whether loss or damage resulted to the insurance company from the delay in giving the notice was immaterial. "Our conclusion is that viewing the notice requirement under its designation as a condition and in connection with the proviso, the necessary implication to be drawn therefrom is that failure to give notice of an accident or suit as soon as reasonably possible invalidates the claim for indemnity." New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56. The Supreme Court of Vermont in Merchants Mutual Casualty Co. v. Izor, 118 Vt. 440, 111 A.2d 732, 734, held that the notice provision requiring the assured to give notice of his accident "as soon as practicable" applied to the medical payment provision.

Based upon the uncontradicted evidence, Western established as a matter of

law there were no genuine issues as to any material fact. If Allen expected to defeat the motion by establishing any of the facts he alleged in his petition, if such allegations raised a material fact issue, it was incumbent upon him to present evidence thereof. See Kuper v. Schmidt, Tex., 338 S.W.2d 948.

We find there was no genuine issue as to any material fact and the trial court was warranted in granting the summary judgment.

Judgment affirmed.