### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,

v.

### Florencio HINOJOSA, Individually and as Trustee for the Fidelity & Casualty Company of New York, Appellee.

No. 3847.

Court of Civil Appeals of Texas.

Waco.

May 18, 1961.

Rehearing Denied June 8, 1961.

Hicks, Dollahon, Boss & Wohlt, Houston, for appellant.

Vinson, Elkins, Weems & Searls, Sam W. Davis, Jr., Houston, for appellee.

WILSON, Justice.

Hinojosa and his employer's workmen's compensation carrier recovered a judgment for his personal injuries in an automobile accident, against Yeary, appellant's insured under an automobile liability policy. See Yeary v. Hinojosa, Tex.Civ.App., 307 S.W. 2d 325, writ ref. n. r. e., as to the history of that litigation.

Yeary failed to pay the judgment, and Hinojosa brought this action against appellant, as Yeary's insurer, to recover the amount of the judgment. Appellant pleaded as a defense the breach by Yeary of a policy condition requiring him to give notice of an accident "as soon as practicable." Hinojosa pleaded prompt notice was given by Yeary as soon as practicable, and alternatively, that "he was reasonably justified in not reporting the accident sooner since he thought he was not involved therein." The record is undisputed that Yeary first gave appellant notice of the accident in which Hinojosa was injured 40 days after it occurred. The jury found Yeary gave appellant notice as soon as practicable.

Appellant says the record shows Yeary failed to give timely notice, as a matter of law. We agree. Yeary admitted he knew immediately that his car had struck Hinojosa and that the latter was taken to the hospital with a broken leg. It does not appear he thereafter talked to Hinojosa. Yeary was "given a ticket for reckless driving", and after a trial in corporation court, was found not guilty. He testified he "thought that was all of it. I thought they had set me free on the deal." He did not report the accident sooner "because I did not think the accident was my fault." He further testified, "In the first place I didn't know I was supposed to report it right away." We think the notice 40 days after the accident was not given as soon as practicable, as a matter of law. American Fidelity & Cas. Co. v. Traders & Gen. Ins. Co., Tex.Sup., 334 S.W.2d 772, 776; Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95, 97; Commercial Standard Ins. Co. v. Harper, 129 Tex. 249, 103 S.W.2d 143, 146, 110 A.L.R. 529; Texas Glass & Paint Co. v. Fidelity & Deposit Co., Tex.Com.App., adopted, 244 S.W. 113, 115; Yorkshire Indem. Co. of N. Y. v. Roosth & Genecov Production Co., 5 Cir., Tex., 252 F.2d 650, 653; National Surety

Corp. v. Diggs, Tex.Civ.App., 272 S.W.2d 604, 608, writ ref. n. r. e.; Trinity Universal Ins. Co. v. Weems, Tex.Civ.App., 326 S.W.2d 3ٮ2, writ ref. n. r. e.

■ The jury found, however, that appellant investigated the accident before taking a non-waiver agreement from Yeary, thereby waiving the notice provision; and that subsequent investigation made by it was not "made under the terms and conditions of the non-waiver agreement." Appellant says there is no evidence to support these findings, and they are contrary to the overwhelming preponderance of the evidence. Yeary reported the accident to appellant's agent after he received a demand letter from Hinojosa's attorneys. He thereafter executed a reservation of rights agreement to the effect that any action taken by the company in investigating the accident should not be a waiver of the conditions of the policy.

The only evidence pointed to by appellee, or which we have found, as to any investigation by appellant prior to the agreement is that it took a written statement from insured concerning the accident and his failure to report it. The statement was signed at approximately the same time the non-waiver agreement was signed. Yeary testified he signed his statement before signing the non-waiver agreement, but for present purposes we think the record shows the instruments were signed practically contemporaneously "at one sitting." Just before signature of these documents insured's automobile was inspected for identification by motor number. Appellant's prior inter-office communication stating "a complete investigation is under way" was introduced in evidence. The nature of investigation shown consists of coverage inquiry and transmittal of Yeary's report. Later the claim was assigned to an adjusting firm for investigation. This firm obtained the statement and agreement from Yeary, and thereafter proceeded to investigate the accident.

For the evidence to raise an issue of waiver, it must warrant an inference that appellant "with full knowledge of the facts" did or failed to do something which is inconsistent with an intention to exercise its rights. New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56, 59. All this evidence shows is that appellant was seeking to ascertain some "knowledge of the facts" by obtaining the report from Yeary which he had omitted to furnish as soon as practicable. It does not warrant an inference that the acts of appellant evidenced "intentional relinquishment of a known right, or intentional conduct inconsistent with claiming it", which are the elements of waiver. Texas & Pacific Ry. Co. v. Wood, 145 Tex. 534, 199 S.W.2d 652, 656; Rolison v. Puckett, 145 Tex. 366, 198 S.W.2d 74, 78; Ford v. Culbertson, 158 Tex. 124, 308 S.W.2d 855, 865.

The evidence, in our opinion, does not support these jury findings. Appellant did not waive the right to rely on the notice provision by identifying insured's vehicle; or by seeking to ascertain from him the nature of the accident and claim, and his excuse for failing to report it promptly, under this record. New Amsterdam Cas. Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56, 59; Commercial Standard Ins. Co. v. Harper, 129 Tex. 249, 103 S.W.2d 143, 146; 16 Appleman, Insurance, Sec. 9377, p. 973.

■ An issue was conditionally submitted inquiring whether appellant waived late notice by defending the suit against Yeary. Appellant contended it had defended under a reservation of rights letter. This issue was not answered by the jury, under the court's instruction, and therefore, is not before us for consideration. Other answered issues submitted defensive theories, and are not material here. Jury argument to which one of appellant's points relates involved a question of law, in our opinion, and the court properly sustained appellee's objection.

The judgment is reversed and the cause remanded.