Ernest L. HOUCK et al., Appellants,

v.

**STATE FARM MUTUAL AUTOMOBILE IN-
SURANCE COMPANY, Appellee.**

No. 6778.

Court of Civil Appeals of Texas.

Beaumont.

July 1, 1965.

Rehearing Denied Sept. 22, 1965.

King, Sharfstein & Rienstra, Bill Waltrip, Maida & Howell, Beaumont, for appellants.

Orgain, Bell & Tucker, Beaumont, Allen E. Smith, Austin, for appellee.

PARKER, Justice.

This is a declaratory judgment suit brought by State Farm Mutual Automobile Insurance Company against Ernest L. Houck, Charles W. Griffin, Wayne F. Moye and Natkin & Company, to determine that it is not legally obligated under its written contract of insurance with Ernest L. Houck insuring his Chevrolet half-ton truck to defend any suit against Houck, Griffin, or Natkin & Company for dam-ages to Wayne F. Moye as the result of an accident of July 2, 1962, or to pay any judgment as a result of such suit. Houck, Griffin and Natkin & Company by way of cross action against State Farm Mutual Automobile Insurance Company sought declaratory judgment that such insurance company be declared to be obligated to so defend Moye's suit and, if unsuccessful, to pay any such judgment.

Subsequent to the filing of the instant suit, there was filed in Cause No. B–81197, styled Wayne F. Moye vs. Natkin & Company, et al, in the District Court of Jefferson County, Texas, a personal injury damage suit for $95,000.00 against Houck, Griffin and Natkin & Company wherein it is alleged that an automobile accident occurred on July 2, 1962, between a vehicle own- and operated by Wayne F. Moye and a Chevrolet pick-up truck owned by Houck, supervisor for Natkin & Company, and operated by Charles W. Griffin while in the course and scope of his employment for Natkin & Company under Houck's directions as such supervisor. It is this alleged accident which prompted the filing of the instant suit by State Farm. The damage suit is presently pending.

Trial to the court resulted in the relief sought by the insurance company being granted and the relief sought by Houck, Griffin and Natkin & Company being refused. State Farm Mutual Automobile Insurance Company, hereinafter will be referred to as "State Farm" or as plaintiff. Ernest L. Houck will be referred to hereinafter as "Houck". Houck, Griffin and Natkin & Company will be referred to as defendants.

Natkin & Company's brief has been adopted by Houck and Griffin. Its arguments also are Houck's and Griffin's.

State Farm and Houck, during April of 1962, entered into a written contract of insurance covering a 1961 Chevrolet half-ton truck in the name of Houck. Property damage and public liability involved in the use of the truck was covered by this insurance

policy. At the time of the accident involved here Houck was the lessee thereof; subsequently, he became the owner of the truck. By the terms of the contract, State Farm conditionally promised Houck to pay, on his behalf and on behalf of certain third party donee beneficiaries designated under the heading "Insureds" (persons using Houck's truck with his permission, or persons legally responsible for its use) all sums which such persons should become legally obligated to pay as damages sustained by any person caused by accident arising out of the use of the truck. The provisions of said insurance policy relevant to the questions involved in this litigation read as follows:

"1. Notice of Accident— * * * when an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

"2. Notice of Claim or Suit— * * If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

"5. Action Against Company— * * No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy. * * *"

On July 2, 1962, Houck was employed by Natkin & Company as a superintendent. Under the supervision of Houck was Griffin, another employee of Natkin & Company. On that date, the half-ton truck was being used by Natkin & Company in the furtherance of its business affairs. On this occasion Griffin was the driver of the half-ton truck when it collided with a Comet automobile driven by Wayne Moye. The two vehicles were driven over into a parking lot nearby and the drivers casually discussed the accident. To Griffin, the force of the blow upon collision of the vehicles was a minor, trivial one. Then and there, Moye made a demand upon Griffin for payment of the damage to his automobile. Griffin then admitted the collision was due to his fault and agreed he would pay such damage. Within two or three days thereafter Griffin informed Houck of the occurrence of the accident, of the demand for damages made by Moye upon Griffin upon the scene of the accident, and of his (Griffin's) agreement to pay such damages, when Moye found out how much damage in money his Comet suffered. From July 2, 1962, until about October 13, 1962, nothing further was heard from Moye. On the latter date, Moye telephoned Griffin to advise him that the damage to Moye's car amounted to fourteen dollars and some odd cents. Then, and not before, Griffin learned that Moye had a back injury. Moye did not tell Griffin where he received this injury but implied it was a result of the accident of July 2, 1962. On October 14th or 15th, 1962, Griffin paid Moye the sum of $14.24 as payment in full of the claim of Moye for property damage to his vehicle. On the 15th day of October, 1962, for the first time Charles W. Griffin phoned an agent of State Farm for the purpose of requesting that State Farm reimburse him for the $14.24 paid by him to Moye. On this occasion Griffin informed Wilson, such agent, that he had been involved in an accident on July 2, 1962, driving the insured half-ton truck, which information was only incidental to Griffin's request for reimbursement. Such notification to Wilson by Griffin on October 15, 1962, was the first notice received by State Farm of the occurrence of the accident of July 2, 1962, involving the insured vehicle. According to Griffin, he and Houck, after discussing notification to State Farm of the occurrence of the accident some three or four days after it oc-

curred, decided not to notify State Farm, in part to avoid an anticipated increase in premium rates to Houck as a result of the reporting of such accident, and in part because of the apparent trivial amount of the damages. No insured under the State Farm policy in question immediately forwarded to or notified State Farm of the occurrence of the accident or the claim made by Moye for property damage to his automobile on July 2, 1962. Defendants did not comply with the terms of the State Farm policy in question with reference to notices of accident and claim. The first knowledge or notice Natkin & Company had of the accident in question and claim asserted by Moye other than the notice to its employee and agent, Houck, was when it was served with a copy of the petition and citation in this declaratory judgment action which was prompted by the filing of the suit of Moye v. Natkin & Company first mentioned hereinabove, in which suit some $95,000.00 was sought by Moye against Natkin & Company. Neither Houck nor Griffin had any notice or knowledge of any personal injury claim being made by Moye as a result of the accident in question until about October 15, 1962. Property damage to the vehicle belonging to Moye was in the sum of $14.24. Property damage to the Houck vehicle was $2.54.

Natkin & Company contends that defendants were under no duty to report the accident to State Farm because there was no evidence that the accident in question which occurred on July 2, 1962, up until October 15, 1962, appeared other than very trivial and inconsequential in nature to the defendants. That the accident was not trivial or inconsequential to State Farm or the defendants is evidenced by Moye's claim for $95,000.00 in damages, partly for bodily injuries to Moye alleged to have been received by him in said accident which competent investigation and inquiry immediately after July 2nd of 1962 presumably would have disclosed. Not only did Griffin and Houck fail to report the accident and Moye's claim to State Farm in a reasonable

time but they assumed the responsibility of settling the matter of damages sustained by Moye, relying upon their opinion that the accident was trivial and inconsequential and did not involve substantial damage, thereby depriving State Farm of the benefits of the provision in the policy for prompt notice of the accident, designed to afford State Farm of the opportunity to promptly investigate and determine for itself the amount of damages probably involved, taking such statements from those involved as might be indicated, including whether or not anyone was injured and to what extent in the accident. The evidence of Griffin was:

"Q. Well, let me ask you this: Do you recall ever having made a statement that you decided to try to settle the case yourself so that the costs would not go up under the merit system?

"A. That is correct."

The above referred to increased premium rate on the insurance policy.

Further evidence of Griffin shows the importance of notice of the accident as follows:

"Q. Did you get hurt?

"A. I don't recall.

"Q. Well, did you ever go to a doctor?

"A. No, sir."

In Texas Glass & Paint Co. v. Fidelity & Deposit Co. of Maryland, 244 S.W. 113 (Tex.Com.App.1922), jgmt. adopted, the court held:

"it would be manifestly unreasonable to require notice until the insured had been apprised of the occurrence * *; and similarly * * * to require report of such occurrences as would appear to have no reasonable relation to the subject-matter of the policy, or not at all likely to result in any claim or liability. * * * [this] proposition has been applied to those occurrences which

at the time seem in their consequences to be so slight as to preclude a reasonable probability that they will result in claim or liability."

In the instant case, the insured, Houck, was promptly apprised of the accident and the actual claim on the part of Moye for damages. Continuing with the court's opinion in the Texas Glass & Paint Co. v. Fidelity & Deposit Co. of Maryland, supra, after analyzing numerous cases, it held:

"It would seem to be a fair deduction from these holdings that, when the insured has complied with its full duty to acquaint itself with all the facts surrounding an accident, and it appears from such investigation that the occurrence was of such a nature as that it could not reasonably be expected to result in any claim or liability, there is no duty to report it.

\* \* \* \* \* \*

"On the other hand, it is equally clear that determination of the question whether an occurrence comes within the terms of the policy as being an accident required to be reported should not be left solely to the judgment or discretion of the assured. Consequently it has been held that the insured is not relieved from its duty to report an accident merely because its attorney made a full investigation and reached the conclusion that it was too trivial to report. In such case the assured acts at its peril. Oakland Motor Car Co. v. American Fidelity Co. [190 Mich. 74, 155 N.W. 729].

The court continued to affirm the holding of the trial court and the court of civil appeals that the insurer, having had no notice within a reasonable time after the accident, had no duty to defend the insured or to pay a judgment entered against it. In Texas, the provision of an insurance contract requiring that notice of an accident be given to the insurer when the insured actually knows not only that the accident occurred, but that a claim was made at the time of the accident for damages, creates a condition precedent and in the absence of compliance therewith the insurer has no duties to defend any suit and is not liable under the contract of insurance. New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56 (1945). This contractual requirement that notice be given as soon as practical means that notice must be given within a reasonable time after the accident. National Surety Corp. v. Diggs, 272 S.W. 2d 604 (Tex.Civ.App.1954), err. ref. n.r.e.; National Surety Corp. v. Wells, 287 F.2d 102 (5th Cir. 1961); General Acc. Fire & Life Assur. Corp. v. Butler's Ice Cream Factory, 5 S.W.2d 976 (Tex.Com.App. 1928); Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95 (1955). Judged by the standard of reasonableness as pronounced by Texas courts and viewing the facts and circumstances in evidence before it, the trial court correctly concluded that State Farm was not notified of the accident and claim within a reasonable time, from anyone, and had no liability to anyone.

■ This is a suit on an insurance policy issued to Houck. It can benefit Natkin & Company and Griffin only to the degree it affords protection to Houck. The quoted provisions of the policy are conditions precedent to the right of Houck to hold State Farm liable. Houck, not being entitled to the benefits of the policy because of his failure to give notices, precludes Natkin & Company and Griffin as "donee beneficiaries" from protection under the policy. Klein v. Century Lloyds, supra.

■ Defendant Natkin & Company contends that since it appeared to the defendant that the accident of July 2, 1962, was trivial and inconsequential that, as a matter of law, the defendants were under no obligation to give notice of the accident in question and the claim on the part of Moye to State Farm until October 15, 1962, when the defendant Griffin asked State Farm to reimburse him for property damage in some trivial sum. Natkin & Company relies upon

the principle of law followed in some other jurisdictions:

"It has been held that the insured need not report every trivial accident, but if an ordinarily prudent individual acting reasonably would consider, under all the circumstances, that the accident was inconsequential *and that no claim for damages would be made,* notice need not be given to the insurer. The question of reasonableness must be determined on the basis of facts as they existed at the time of the controverted events, and compliance or non-compliance can not be established by subsequent events." (Emphasis ours.)

Such principle has not been followed in Texas, most certainly when a claim for damages is known to the insured, as in this case.

There is no evidence that the accident in question appeared to be other than very trivial and inconsequential in nature, to Griffin, the driver, and Houck as superintendent and as agent of Natkin & Company, up until October 15, 1962. Houck relied upon Griffin's report of the accident and claim. Nevertheless, under the authoritative decisions of Texas, including those above cited, the trial court did not err in finding as a fact that defendants did not fully comply with all the terms of the State Farm policy in question with reference to notices and in entering judgment against Natkin & Company upon the basis of such breach of the contract of insurance, declaring State Farm has no duty to defend the insured and other defendants or to pay any judgment against defendants.

■ Natkin & Company argues that since there is no evidence that it had any knowledge of the existence of the policy in question prior to the filing of the instant suit, the trial court erred in finding as a fact that Natkin & Company did not comply with the conditions precedent stated in the State Farm policy as to notice, etc., and entering judgment for State Farm. Further, that the knowledge of Houck, the employee, superintendent and agent for Natkin & Company, as to the accident in question and the claim of Moye could not be imputed to Natkin & Company for Houck acted in his own personal interest which was adverse to the interest of Natkin & Company in failing to notify State Farm of the accident in question to keep his insurance premium low. It is a well settled rule of the law of agency that if an agent's acts are within the scope of his authority, and are related to matters over which such authority extends, notice to the agent is then deemed to be notice to the principal. Considering the foregoing general principle, the knowledge of Houck that there was an accident, that there was a claim, that there was an insurance policy with State Farm containing the provisions hereinbefore discussed, are imputed to Natkin & Company, his employer. Only to a minor and trivial extent was Houck's interest adverse to Natkin & Company's. Under all the circumstances of this case, we hold that Houck's interest was not so incompatible with the interest of Natkin & Company as to destroy the relation of agency between Natkin & Company and Houck. We hold that Natkin & Company, under the doctrine of imputed knowledge, was charged with knowledge of every material fact above mentioned as to the accident and the policy. Goldstein v. Union National Bank, 109 Tex. 555, 213 S.W. 584 (1919).

All of appellants' points of error are overruled.

■ Appellee, State Farm, has two points of error asserting error on the part of the trial court in finding as a fact the reason that State Farm was not notified sooner of the accident and claim was due partly to the apparent trivial amount of the damages, as there was no evidence of probative force and, in the alternative, that there was insufficient evidence to support such finding. Viewing the evidence in its most favorable light in support of the finding, there is probative evidence supporting

such evidence. The "no evidence" point of appellee is overruled.

Considering the entire record, all evidence and circumstances, such finding of the trial court is supported by probative evidence factually sufficient and not so contrary to the great weight and preponderance of the evidence as to be clearly wrong. Appellee's insufficient evidence point of error is overruled.

Judgment of the trial court affirmed.