**STANDARD ACCIDENT INSURANCE COMPANY, Appellant,**

v.

**EMPLOYERS CASUALTY COMPANY, Appellee.**

**No. 16935.**

Court of Civil Appeals of Texas.

Dallas.

July 14, 1967.

Rehearing Denied Sept. 29, 1967.

---

W. Richard Bernays, of Touchstone, Bernays & Johnston, Dallas, for appellant.

Gordon H. Rowe, Jr., of Gardere, Porter & DeHay, Dallas, for appellee.

DIXON, Chief Justice.

This suit was brought to determine which of two insurance companies afforded primary coverage for a defendant in a personal injury suit.

On October 23, 1959 James R. Bailey, an employee of Johnson Foundation Drilling Company, was injured within the course of his employment. The job of the Johnson Company, a subcontractor in the construction of an apartment building, was to drill foundation holes and to pour concrete into casings in the holes.

Cade Carter and George Miller, partners, doing business as Carter & Miller Steel Erectors, were owners of a motor crane which they leased to the Johnson Company together with an operator for the crane, one Matt Venable, an employee of Carter & Miller. It was the alleged negligence of Venable in maneuvering the crane and its boom, with bucket attached, which caused the accident. Carter & Miller were the named insureds in a liability policy issued by appellee Employers Casualty Company.

Carter & Miller were notified by Venable, their employee, of Bailey's injury on the same date it occurred. Nevertheless they did not report the accident to their insurance carrier, Employers Casualty Company, until July 7, 1960—more than six months after Bailey's injury. The notice was sent then only after they, Carter & Miller, had received a letter dated June 15, 1960 from Bailey's attorneys referring to his injury and suggesting they refer the matter to their insurance carrier or their attorneys.

Dallas Concrete Company owned a ready-mix concrete truck, with revolving drum, which transported concrete to the construction site. On the occasion in question a chute had been lowered from the rear of the truck, and concrete had been caused to flow down the chute to a large bucket attached to the boom on the motor crane operated by Venable, employee of Carter & Miller. The bucket of concrete was being carried by the crane and boom to the casing into which the concrete was to be poured. Bailey was riding on the bucket when the bucket struck the casing and Bailey was caused to fall to the ground.

Dallas Concrete Company, owner of the ready-mix concrete truck, had comprehensive insurance on its truck evidenced by a policy with Standard Accident Insurance Company. This policy contained provisions to the effect that (1) use of the truck included loading and unloading thereof; (2) when an accident occurred written notice thereof was to be given to the insurance company or any of its authorized agents "as soon as practicable"; (3) should a claim be made or a suit brought against the insured the latter should immediately forward to the insurance company every demand, notice, summons or other process received by the insured or its representative; and (4) no action should lie against the insurance company unless as a condition precedent thereto, the insured should have fully complied with all the terms of the policy.

On May 3, 1961 Bailey filed suit against Carter & Miller for damages for his injury allegedly caused by the negligent operation of Carter & Miller's crane by Venable, their employee.

On May 26, 1961 Carter & Miller—more than nineteen months after the accident—

for the first time sent notice to Standard Accident Insurance Company of Bailey's injury. The letter of notification was really composed for Carter & Miller by an agent of Employers Casualty Company, their insurance carrier, though it was typed on Carter & Miller's letter head and signed by Miller. In this letter Carter & Miller stated:

> "We have just learned that the policy of insurance which you carry on Dallas Concrete Company provides coverage for Carter and Miller Steel Erectors and their employees for the accident which occurred on October 23, 1959 at 111 Continental while we were unloading the truck owned by Dallas Concrete with their permission.

> "The attached citations and petitions were served on us on May 9, 1961. Please file a timely answer and otherwise defend and protect our interests."

On May 29, 1961 Standard Accident Insurance Company returned the citation and petition and informed Carter & Miller that their letter of May 26, 1961 was the first notice Standard Accident Insurance Company had received of Bailey's accident, and that the company declined to file an answer for Carter & Miller, or to defend them.

Employers Casualty Company thereafter undertook the defense of their named insured and on January 3, 1962 Bailey's suit against Carter & Miller was compromised and settled for the sum of $9,000. The insurance company paid its attorneys $700 as their fee for handling the case.

Some time in 1962 after the above settlement was consummated Employers Casualty Company sued Standard Accident Insurance Company for indemnity for the $9,700 paid out by the former in defending Bailey's suit against Carter & Miller.

On December 16, 1966 following a nonjury trial judgment was rendered in favor of Employers Casualty Company against Standard Accident Insurance Company for $9,700 plus interest. In connection with said judgment the court found that (1) on the occasion in question Dallas Concrete Company's truck was being unloaded and, (2) that notice was "timely given" within the contemplation of the insurance policy issued by Standard Accident Insurance Company.

Our Supreme Court in a case in which the facts were similar to the facts here has held that a ready-mix concrete truck was being unloaded within the meaning of a comprehensive insurance policy, hence the owner of the truck was liable to a person injured in connection with the operation of a crane. Travelers Ins. Co. v. Employers Casualty Co., 380 S.W.2d 610 (Tex.1964). Because of the above holding appellant here does not seriously contend that its comprehensive policy issued to Dallas Concrete Company does not afford coverage to Carter & Miller.

But appellant does seriously contend in six points of error that in view of the undisputed evidence it must be held as a matter of law that Carter & Miller failed to give notice to appellant of Bailey's accident "as soon as practicable", as required by the insurance policy issued by appellant to Dallas Concrete Company; therefore the judgment by the court should be reversed and judgment rendered for appellant.

■ Compliance with the notice provision was a condition precedent to the right of Carter & Miller to recover under Dallas Concrete Company's comprehensive policy. New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56 (1945); Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95, 97 (1955); Kellum v. Pacific National Fire Ins. Co., 360 S.W.2d 538 (Tex.Civ. App., Dallas 1962, writ ref'd n. r. e.).

■ When the evidence and all reasonable inferences based on the evidence are undisputed the question of the adequacy of notice is a question of law. Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95, 97 (1955).

In support of its points of error appellant cites us to Houck v. State Farm Mutual Automobile Ins. Co., 394 S.W.2d 222, 224 (Tex.Civ.App., Beaumont 1965, writ ref'd n. r. e.) (rule applied not only to named insured but also to additional insureds called "third party donee beneficiaries"); Kellum v. Pacific National Fire Ins. Co., 360 S.W.2d 538 (Tex.Civ.App., Dallas 1962, writ ref'd n. r. e.) (delay of one year held breach of notice provision as a matter of law); Trinity Universal Ins. Co. v. Weems, 326 S.W.2d 302 (Tex.Civ.App., Austin 1959, no writ) (3½ months' delay held to be breach as a matter of law); National Surety Corp. v. Diggs, 272 S.W.2d 604 (Tex. Civ.App., Fort Worth 1954, writ ref'd n. r. e.) (104 days' delay a breach as matter of law); Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95 (1955) (delay of 31 days); New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56 (1945).

In the Kellum case above cited, this court held as a matter of law that lack of knowledge of coverage and lack of knowledge that a claim could be made are not good excuses for failure to comply with provisions of a policy concerning notice.

Appellee contends that under the circumstances the court's finding that the notice was timely is amply supported in the testimony and this court is bound by the finding.

Appellee argues that in passing on the sufficiency of notice there is a basic distinction between the duties of a named insured and an "omnibus insured", as were Carter & Miller in regard to appellant. A named insured is the one who purchases the policy, presumably has it in his possession and is deemed to know the contents of the contract he made. On the other hand an "omnibus insured" under a comprehensive policy stands in the position of a third party beneficiary of a contract to which he is not a party, but is a stranger. Consequently appellee points out that it has been held that to exclude him from his rights he must have knowledge of the contract and its contents,

and that his duty to give notice to the "omnibus" insurance carrier is excused until such time as a reasonably prudent person similarly situated would have discovered the existence and contents of the "omnibus contract".

In support of the view above stated appellee cites Appleman, "Insurance Law and Practice", Vol. 8, pages 54 and 87, and Allstate Ins. Co. v. Darter, 361 S.W.2d 254 (Tex.Civ.App., Fort Worth 1962, no writ) and National Surety Corp. v. Wells, 287 F.2d 102 (5th Cir. 1961). The opinions in the two cases above cited quote with approval from Appleman. In the Darter case the question was declared to be a fact issue on which a jury made a finding favorable to the "omnibus insured".

Appellee further argues that a factor to be taken into consideration in excusing Carter & Miller and appellee, their insurance carrier, for not giving appellant notice sooner was the uncertain state of the law as determined by judicial pronouncements at the time of the accident. On May 20, 1960 in a venue case the Austin Court of Civil Appeals held that the insurance carrier of an owner of a concrete mixer truck under circumstances similar to this case did not afford omnibus coverage to an injured person whose situation was similar to that of Bailey here. Travelers Ins. Co. v. Employers Casualty Co., 335 S.W.2d 235 (Tex. Civ.App., Austin 1960, writ ref'd n. r. e.). When the case came up on appeal on the merits the Dallas Court of Civil Appeals on June 28, 1963, following the holding of the Austin court in the venue appeal, held that the injured person was not covered by the truck owner's "omnibus" policy. Travelers Ins. Co. v. Employers Casualty Co., 370 S.W.2d 105 (Tex.Civ.App., Dallas 1963, writ granted). In reversing the holding of the Dallas Court of Civil Appeals our Supreme Court said:

"The judgment of the trial court was affirmed by the Court of Civil Appeals at Dallas, which held that the accident did not arise out of the unloading of the truck

within the meaning of the policy issued by Employers. 370 S.W.2d 105. A similar conclusion had previously been reached by a majority of the Court of Civil Appeals at Austin in the appeal from the order sustaining Employers' plea of privilege. Travelers Ins. Co. v. Employers Casualty Co., Tex.Civ.App., 335 S.W.2d 235 (writ ref. n. r. e.). On the basis of the authorities cited by the parties at that time, it was then our opinion that the policy issued by Employers did not protect Borders. In view of our refusal to grant a writ of error in the earlier appeal, the Court of Civil Appeals at Dallas naturally felt it was bound by that decision. Upon further consideration and in the light of the additional authorities now cited by the parties, we have concluded that Borders was covered by the automobile liability policy under the facts of this case." The Travelers Ins. Co. v. Employers Casualty Co., 380 S.W.2d 610 (Tex.Sup.1964).

Appellee has seized on the above quoted portion of the Supreme Court's opinion as a basis to argue that since the Supreme Court was of the opinion until June 17, 1964 that an injured person situated similarly to Bailey was not covered by the truck owner's omnibus policy, Carter and Miller are to be excused for not knowing on October 23, 1959 that they did have coverage under the omnibus policy of Dallas Concrete Company, hence are to be excused for not sooner giving notice to appellant.

After a careful consideration of the record we have concluded that it must be held as a matter of law that Carter & Miller did not give Standard Accident Insurance Company notice of Bailey's accident "as soon as practicable", as required by the comprehensive policy issued to Dallas Concrete Company, the owner and operator of the ready-mix truck. We have reached this conclusion for these reasons:

1. Carter & Miller knew of the accident immediately after it happened, having been informed of it by their employee, Venable, on the day it occurred.

2. There is no evidence that they made any investigation or inquiry into the circumstances regarding the accident and their possible liability. They merely assumed that they were not involved since Bailey was not their employee—this though they knew that their equipment while operated by their employee, Venable, was the cause in fact of Bailey's injury.

3. It is undisputed that Carter & Miller did not give notice to their own insurance carrier, Employers Casualty Company, until more than six months after the accident, and then only after they had received a letter from Bailey's attorneys.

4. It is undisputed that Carter & Miller did not give notice to Standard Accident Insurance Company (under whose comprehensive policy issued to Dallas Concrete Company Carter & Miller were "additional insureds") for more than nineteen months after the accident to Bailey.

5. The fact that neither Carter nor Miller quite finished his high school education, as shown by the evidence, is not an excuse for their failure to give notice as required by the insurance policy. Both of them were experienced business men, having been in business for themselves for a number of years. They cannot be considered under the evidence as being so naive and unknowing in the ways of the business and commercial world as to justify their failure to do anything about the accident, or to make inquiry about it, or to give notice sooner to one or both of the insurance carriers here involved.

6. Carter and Miller, both of whom testified by deposition, stated that they knew that most contractors carry liability insurance on their equipment and that they assumed that Dallas Concrete Company did so, though they made no inquiry in order to learn whether Dallas Concrete Company actually did carry such insurance.

7. The confused state of the law as shown by the three judicial opinions referred to by appellee cannot be used as an

excuse by Carter & Miller for their failure to give notice to appellant "as soon as practicable". The two opinions of the Courts of Civil Appeals were decided in May 1960 and June 1963, respectively, many months after the accident to Bailey. The Supreme Court opinion was decided several years after the accident. Consequently Carter & Miller at or near the time of the accident could not possibly have known of or relied on any of the named appellate court decisions.

We sustain appellant's points charging that Carter & Miller's failure to give notice to appellant until more than nineteen months after the accident was a breach of the notice provision of the policy as a matter of law; therefore we hold that appellee is not entitled to recover.

The judgment of the trial court is reversed and judgment is here rendered that appellee take nothing.

Reversed and rendered.