## SOUTHERN CASUALTY CO. v. LANDRY.
### (No. 1144.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 22, 1924. Rehearing Denied Dec. 10, 1924.)

1. **Insurance ⊂⊃539(1)—Statute as to stipulations for notice of claim for damages held not applicable to provision in policy for notice of theft.**

Rev. St. art. 5714, providing that contract stipulations requiring notice of any "claim for damages" are void unless reasonable and for a period of at least 90 days, is in derogation of common law and should be strictly construed, and is not applicable to provision in policy requiring notice of loss or theft of automobile.

2. **Insurance ⊂⊃539(3)—Notice sent 17 days after loss held "immediate."**

Under policy requiring "immediate" notice of loss or theft of automobile, written proof of loss sent to insurer 17 days after theft *held* reasonable and substantial compliance with such provision, parties not intending word in literal sense, as "without delay; present, instant," but word should be held to mean such time as was reasonably necessary under circumstances.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Immediate.]

3. **Insurance ⊂⊃425 — Permitting another to use automobile to try it out without agreement to sell held not "conditional sale," and appropriation thereof by such person was "theft."**

Where car owner allowed another to take car for an hour or two to try it out, matter of sale to be determined afterward, such transaction was not "conditional sale" under policy, exonerating insurer from liability for theft while automobile in possession of vendee under "conditional sale," and, where such person never returned with it, such taking constituted "theft," protected by policy; it being either theft by bailee under Pen. Code 1911, art. 1348, or theft by fraudulent pretext under article 1332.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conditional Sale; Theft.]

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by Jasper Landry against the Southern Casualty Company. From judgment for plaintiff, defendant appeals. Affirmed.

Howth, Adams, O'Fiel & Hart, of Beaumont, for appellant.

J. W. Williams and Raymond L. Murray, both of Port Arthur, for appellee.

O'QUINN, J. Appellee sued appellant to recover upon an insurance policy covering a Ford automobile. The loss of the car was alleged to have occurred by theft. The appellant answered by general demurrer, special exceptions, general denial, and specially:

(1) That the insurance policy sued upon provided that appellant was not liable if the theft was by a vendee under conditional sale or mortgagee in possession or any lease agreement, or otherwise, and that the loss of the car, as pleaded by appellee, "was occasioned by the plaintiff making a conditional sale of said automobile, and that the vendee in said conditional sale had lawful possession of said automobile at the time of said loss, under the express grant or permission of the plaintiff; that plaintiff had conditionally sold said automobile and had delivered possession of the same to said vendee at and before the time of the alleged loss, and under the express provision of the policy sued upon the defendant is not liable."

(2) "That under the express terms and provisions of the policy the plaintiff bound and obligated himself to give immediate written notice to the defendant at its home office at Alexandria, La., or to its duly authorized agent, of the loss, and that the plaintiff did not give such notice to this defendant nor to its duly authorized agent, as so provided by the policy, but on the contrary failed to give any notice whatever to the defendant at its home office, and did not notify any agent of the defendant until several days after said loss, and for this reason the plaintiff has failed to comply with the conditions of said policy, has breached his contract, and has released the defendant from any liability whatever under the terms of the policy."

The case was tried before the court without a jury and judgment rendered in favor of appellee for the full amount of the policy, $434, from which appellant brings this appeal.

Appellant first complains that the court erred in rendering judgment for appellee, for the reason that written notice of the loss of the car was not given appellant as provided in the policy.

The record discloses that the automobile was lost on July 30, 1922, and that on August 15, 1922, notice of the theft of the car was sent by registered mail to appellant at Alexandria, La., its home office. Appellant contends that there was no proper or legal proof that said letter was sent or received, but in view of what we believe to be a full admission by appellant on the trial of the case that the original registered letter was received, we do not feel called upon to further discuss this point. But appellant urges that if it be held that the letter was sent and received as alleged by appellee, the sending and receiving of same was not in compliance with the stipulation in the policy and stands as if no notice had been given. The policy provides:

"In the event of loss or damage hereunder, the assured shall give immediate written notice thereof to the company at its home office in Alexandria, La., or to its duly authorized agent, etc."

Appellant's contention is that the car having been stolen on July 30th, notice on August 15th was not the "immediate" notice provided for in the policy; that one of the reasons for the insertion of the notice clause in the policy was that the company could at once, upon the happening of the theft, take steps to search out and apprehend the thief, recover the stolen property, and thus protect itself; and that the delay of some 17 days in giving notice was an unreasonable delay and worked injury to the appellant, in that it gave the thief ample time in which to make good his escape and the secretion of the car, and that the delay of 17 days in giving notice rendered the stipulation in the policy ineffective and useless to appellant.

[1] Appellee insists that the provision in the policy for the giving of immediate notice of the loss or theft is in contravention of article 5714 of the Revised Statutes and therefore void.

Article 5714 provides:

"No stipulation in any contract requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon shall ever be valid, unless such stipulation is reasonable; and any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void, and, when any such notice is required, the same may be given to the nearest or to any other convenient local agent of the company requiring the same," etc.

We think that appellee's contention should be overruled. In the case of Insurance Co. v. Scott (Tex. Civ. App.) 218 S.'W. 53, grave doubts were expressed as to whether article 5714 is applicable to a stipulation in an insurance contract for "immediate" notice of the happening of an occurrence insured against, but that said law applied to the notice to be given of any claim for damages, and that it made no direct reference to the question of requiring notice of the happening of the things insured against. The statute invoked "is restrictive and in derogation of the common law right to freely contract, and therefore, under well-settled rules, to be construed strictly." Insurance Co. v. Scott, supra. This holding, we take it, was approved by the Supreme Court when it denied an application for writ of error in said case. Furthermore, in the case of Texas Glass & Paint Co. v. Fidelity & Deposit Co., 244. S. W. 113, this exact point was again under consideration by the Commission of Appeals, and the holding in Insurance Co. v. Scott, supra, was followed.

[2] But appellant contends that if notice was given appellant of the loss of the car, that it was not "an immediate notice," as contemplated by appellant and contracted for in the policy, but was unreasonably delayed for a period of seventeen days, in violation of the express provision of the policy, and hence appellant is not liable, and that the court should have rendered judgment for appellant.

We do not think it can be said as a matter of law that the notice given was not such as was contemplated by the parties when making the contract. The car was stolen July 30, 1922, and the written proof of loss was sent to appellant at Alexandria, Lousiana, by registered mail on August 15, 1922. It thus appears that the notice was given seventeen days after the loss occurred. Did this comply with the stipulation in the policy that "in the event of loss or damage hereunder, the assured shall give immediate written notice thereof to the company at its home office in Alexandria, Louisiana, or to its duly authorized agent?" Appellant insists that in cases of theft insurance a different rule should apply from cases of losses by fire or accident, for the reason that in such cases there is no need of immediate action to determine the cause of the loss or to protect the interests of the insurance company, while in theft cases immediate action and efforts on the part of the insurance company to detect and apprehend the thief and recover the property is essential. "Immediate," when used in relation to time, in its literal signification, means: "Without any time intervening; without any delay; present, instant." (Century Dictionary; Webster.) We think it evident that the parties did not intend the word in its literal sense. As was said in Fidelity & Deposit Co. v. Courtney, 186 U. S. 342, 22 S. Ct. 833, 46 L. Ed. 1193, "It would generally be impossible to give notice in writing of a fact the instant it occurred. It cannot be presumed that the parties intended to introduce into the contract a provision that would render the contract nugatory." We think the term "immediate" as used in the contract should be held to mean such time as was reasonably necessary under the circumstances. In the instant case the loss occurred on the 30th of June at Port Arthur, Texas, and the next day the theft of the car was reported to the sheriff of the county where the loss occurred and to the constable at Port Arthur, and also to the local agent of appellant, though not in writing. As before stated, the loss of the car was reported to appellant in writing seventeen days after the theft. In the case of United States Fidelity & Guaranty Company v. Pressler, 185 S. W. 326, the policy provided that "upon the occurrence of an accident the insured shall give immediate written notice thereof, with the fullest information obtainable at the time to the company at its home office, or to the agent who has countersigned this policy." In that case the accident happened on October 9th, and written notice of same was given on the 25th of October, an interval of sixteen days, and it was urged that the assured had not complied with the "immediate" notice provision in the pol-

icy. In holding against the contention, the court said:

"To give the term 'immediate' its literal signification, regardless of the attending situations and circumstances, would defeat many meritorious claims upon purely technical grounds."

We hold that the notice was a reasonable and substantial compliance with the provisions of the policy.

[3] The substance of appellant's sixth proposition is that the court erred in rendering judgment for appellee because the insurance policy contained a provision that the company should not be liable for the theft of the car while same was in the possession of a mortgagor or vendee in possession under mortgage, conditional sale or lease agreement, or otherwise, insisting that the car was in possession of the person taking same under an agreement with appellee amounting to a conditional sale.

Jasper Landry testified:

" * * * I was owner of an automobile on or about the 12th day of October, 1921. It was a Ford touring car, and I entered into a contract of insurance whereby the car was insured. * * * I do not know where the automobile is that was covered by this insurance policy. The last time I saw it was late in the evening of July 30, 1922. The last time I saw the car it was in the possession of a man supposed to be Charlie Walker. Charlie Walker was a next-door neighbor of mine. He had been living there about two months. Charlie and his wife were the only persons living there. He had been talking about buying the car some little time, and on this particular day he had been over to talk to me about buying the car, and he said he would like to try it and he wanted me to let him try the car out and drive it a short while. I let him have the car to try it out, and I told him he could have the car an hour or an hour and a half, something like that, because I wanted to use the car myself, and he said he wouldn't be gone very long. This was Sunday afternoon. I had been talking with him about selling him the car. I did not sell it to him. He hasn't brought that car back yet, that I know of, and I have not seen him since that time. I have not seen the car since that time. * * * "

On cross-examination he testified:

"I bought this car along about October 5th, as well as I remember, in 1921. I can give you the exact date of that. It was about October 5 or 8, 1921. I bought it at Port Arthur from the Linn Motor Company. It was stolen on July 30, 1922. I will say positively that was the date. This man was my next door neighbor and I had been seeing him around there for some time. He had been talking about buying the car. He looked at it, but we didn't come to no definite price or agreement, and so forth. I hadn't made him no special price—he wanted to try the car, and we had never come to no agreement about the price, and he wanted to try the car out, and if the car proved all right then we was to come to our agreement. The price was not mentioned in any particular way

that I recall; I don't think it was. We had not come to any agreement as to whether the price would be cash or trade. He was to take the car out for an hour and a half; he was not to be gone over an hour or an hour and a half, because I wanted to use the car myself. * * * "

Redirect examination:

"I let him drive the car with my consent. I never did tell him he could take the car and he did not keep it with my consent. As long as it was my consent for him to be back in not over an hour or an hour and a half."

Recross-examination:

"I delivered possession of the car to him myself. I gave him the key. I let him have the car just like I told you while ago—not to be gone over an hour and a half."

This testimony was fully corroborated by Landry's wife, and there is no evidence in the record contradicting it. Appellant insists that under the facts no theft was shown, that an essential element of theft is that the property must be taken from the possession of the owner without his consent, and that as the undisputed evidence showed that appellee not only consented for Walker to take the car, but actually delivered same to him, no theft is shown, and hence no liability against appellant existed.

We cannot agree with appellant in this contention. No sale of the car had been consummated. No price had been agreed upon in the event Walker concluded to buy. The whole agreement was that Walker was to take the car and operate it for an hour or two to see if it was all right—to try it out. He was, in any event, to return it to the owner. The matter of sale was to be determined after the try out of the car. The transaction cannot be deemed even a conditional sale. Walker never returned the car, and his and the car's present whereabouts are unknown. Appellee did not consent for Walker to take the car and keep it. Appellee insists that the taking of the car under the facts constituted theft by bailee under article 1348 of the Penal Code, and therefore was a loss protected by the policy. We think the contention should be sustained. If Walker, at the time he obtained possession of the car, did not intend to appropriate it to his own use and benefit, but after getting possession of the car he formed such intent and did take and appropriate it, then his act constituted theft by bailee. However, if at the time he obtained possession of the car he had already formed the intent to take and appropriate it to his own use and benefit, and he accordingly obtained possession of the car by the fraudulent pretext that he wanted to try same with a view to purchasing it, then his acts constituted theft by fraudulent pretext, as denounced by article 1332 of the Penal Code.

So that in either event his taking the car under the facts was theft.

Finally, appellant complains that the court erred in rendering judgment for appellee because, it urges, there was no proof of the market value of the car at the time it was stolen.

We overrule this assignment. While the proof is not as full as it might have been, still we think that, giving to plaintiff's evidence the deductions and conclusions that rightfully and legitimately should be drawn from same, the evidence is sufficient to establish its value. Appellant offered no evidence on the question of value, nor did it seek by cross-examination of the plaintiff to weaken or destroy the force of his testimony as to value, or test his source of information or the competency of same, upon which, in part, he based his valuation of the car. We think that in view of the whole record, and the absence of any evidence rebutting or conflicting with that offered by plaintiff, the judgment as to value should be sustained.

The judgment is affirmed.