COMMERCIAL STANDARD INSURANCE COMPANY V. J. W. HARPER.

No. 6799.  Decided March 31, 1937.
(103 S. W., 2d Series, 143.)

250

*Touchstone, Wight, Gormley & Price,* of Dallas, for plaintiff in error.

*F. R. Valentine* and *J. W. Spivey,* both of Waco, for defendant in error.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This is a county court case in which the application was granted upon alleged conflicts. The question upon which the conflict arises grows out of a provision of an insurance policy issued by plaintiff in error, Commercial Standard Insurance Company, insuring J. W. Harper, defendant in error, against loss of his automobile by theft, which reads:

"In the event of loss or damage under Section Two of the Schedule of Perils (the section covering loss of the car by theft) the Assured shall give immediate written notice thereof to the company at its offices in Dallas, Texas, with the fullest information obtainable."

The policy also provides in effect that no action shall lie against the company for loss of the car by theft unless the assured shall have fully complied with the notice requirement, thus making compliance with this provision a necessary condition of recovery.

The stipulation of the policy with respect to "Statutory Provisions" reads:

"If any of the terms or conditions of this policy conflict with the law of the State in which this policy is issued, such conflicting terms or conditions shall be inoperative in such State insofar as they are in conflict with such law. Any specific statutory provision in force in the State in which this policy is issued shall supersede any condition of this policy inconsistent therewith."

Article 5546, R. C. S. 1925, which was held by the Court of Civil Appeals to be applicable in connection with the notice of theft requirement, reads:

"No stipulation in a contract requiring notice to be given of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable. Any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void. * * *. In any suit brought under this * * * article it shall be presumed that notice has been given unless the want of notice is especially pleaded under oath."

The automobile was stolen on the night of June 30, 1932, but Harper did not report the theft to the company until July 28, following.

The trial court submitted to the jury an issue, over the company's objection that there was no evidence to support it, inquiring whether notice of the loss of the car was given within a reasonable time after Harper discovered it had been stolen; and submitted also, over similar objection, an issue inquiring whether the company waived the failure of plaintiff to give immediate notice of the theft. Both issues were answered in the affirmative. For a fuller statement of the case see 69 S. W. (2d) 820.

The Court of Civil Appeals holds with respect to the notice requirement that,

"If we undertake to give this provision a construction that will make it legal, and, as a consequence, hold that it was intended that such notice should be given within a reasonable time, then under the terms of the statute (Article 5546) we must hold that a notice given within 90 days after the loss was within a reasonable time."

Briefly stated the holding is that inasmuch as the undisputed facts show that notice was given within 90 days provided by statute, it was given within a reasonable time. This holding is in conflict with the holding of the Galveston Court of Civil

Appeals in Lone Star Finance Co. v. Universal Automobile Ins. Co., 28 S. W. (2d) 573, upon this question. See also Southern Casualty Co. v. Landry, 266 S. W. 804, and Franklin Fire Ins. Co. v. Britt, 254 S. W. 215.

The Galveston court concluded in the case first referred to that the provision of Article 5546 quoted above declaring void a stipulation in a contract requiring notice of a "claim for damages" within less than 90 days, is not applicable to a clause in an automobile theft policy requiring immediate notice of theft. We are in accord with this conclusion.

In Texas Jurisprudence, Vol. 24, pp. 1093-4, it is stated that Article 5546 "is not applicable to an automobile insurance policy provision requiring notice of loss or theft * * *," citing Lone Star Finance Company case and Southern Casualty Company v. Landry, supra.

In Cooley's Briefs on Insurance, 2d Ed., Vol. 8 (Supplement), p. 874, it is stated that a "statute declaring void a stipulation in contract requiring notice of 'claim for damages' within less than 90 days is not applicable to clause in automobile theft policies requiring immediate notice of theft"; and says in this connection further:

"Notice that an automobile had been stolen is not 'notice of a claim for damages' as that term is used in a statute providing that any stipulation fixing the time within which notice of a claim for damages shall be given at a less period than 90 days shall be void. It is only notice of the happening of an event upon which liability may or may not result, dependent upon its being given in manner and within the time stipulated for its delivery in the contract entered into between the parties for such delivery. It is apparent that the very purpose for contracting for the notice by appellee was to give it an opportunity to take steps to recover the automobile in case it was stolen. To disregard the distinction between a notice that a car has been stolen and notice of a claim for damages is to seriously infringe upon the common-law right of contract and to virtually destroy contracts entered into insuring automobiles."

Lone Star Finance Company case, supra, is cited by the author in support of the statement quoted.

Cyclopedia of Insurance (Couch), Vol. 7, p. 5386, Sec. 1508, under the heading referring to automobile insurances generally, says:

"A provision in an automobile theft insurance policy that, in event of loss, the insured shall forthwith give notice thereof in

writing, is not unreasonable in view of the fact that the insurer may desire to investigate the circumstances attending the loss or damage, and take steps to repair the car, or recover it. And failure to comply with a requirement that notice be given as soon as practicable, and that within a specified time thereafter sworn proofs of loss be furnished under penalty of forfeiture, effectively precludes recovery unless compliance be waived; in other words, compliance with provisions of this character is a condition precedent to the right to recover on the policy."

Under the authorities cited and quoted above, Article 5546 is not applicable to the policy requirement as to notice in this case. See in this connection, in addition to the cases and authorities above cited, Travellers' Ins. Co. of Hartford, Conn., v. Scott (writ refused), 218 S. W. 53; Texas Glass & Paint Co. v. Fidelity & Deposit Co., (Com. App.) 244 S. W. 113; American National Ins. Co. v. Burns, 273 S. W. 339.

The cases, Citizens' Guaranty State Bank v. National Surety Co., (Com. App.) 258 S. W. 468, Austin v. Ætna Casualty Ins. Co., 300 S. W. 638, and others cited by the Court of Civil Appeals in support of its holding in the present case upon the applicability of Article 5546, involve types of insurance other than automobile theft.

While the statute is not applicable to the notice provision under consideration, it is nevertheless necessary to determine whether the notice of loss given by Harper is in compliance with the policy requirement that it be given immediately.

It is undisputed that Harper discovered the loss of his car on June 30, the date it was stolen, and did not give the company notice of the occurrence until July 28th. No reason is advanced in the briefs filed on behalf of Harper as to why he waited four weeks before notifying the company of the loss. His own version of the matter appears in the following excerpt in a statement made by him on August 17th:

"On June 30th, 1932, I drove the above described car to town and parked it in the alley between Washington and Austin Streets between North Forth and North Fifth Streets at a point a little over a hundred feet East of North Fifth Street. * * * I parked the car there at about eighty-thirty o'clock P. M. I then went to a dance and forgot about leaving the keys in my car and when I returned for my car at about 11:30 o'clock P. M. it was gone. * * * My brother then took me to the police station immediately after we discovered that my car had been stolen and I made a report of the theft of my car to the City Police Department. * * * I never did make a report of the loss to the Insurance Company or any of their agents until Attor-

ney, F. R. Valentine made a report for me on July 28, 1932. I did not make a report of the loss to the company because I was waiting to see if the police would recover the car. I did not know that I was supposed to make a prompt report to the company."

A policy provision requiring that "immediate notice" of an occurrence be given means that it be given within a reasonable time under the circumstances, and ordinarily is a question of fact. Southern Surety Co. v. Landry, supra. It is not always so however. In Friedman v. Orient Ins. Co., 278 Mass. 596, 180 N. E. 617, an automobile theft insurance case, the court say:

"Doubtless the meaning of 'immediate' in the policy depends upon the circumstances of the case. However, it implies nothing less than due diligence on the part of the plaintiff to act with reasonable promptness in those circumstances (Everson v. General Accident Fire & Life Assurance Corp., Ltd., 202 Mass. 169, 174, 88 N. E. 658; Greenough v. Phoenix Ins. Co. of Hartford, 206 Mass. 247, 249, 92 N. E. 447, 138 Am. St. Rep. 383, and cases cited, Wilcox v. Massachusetts Protective Association, Inc., 266 Mass. 230, 237, 165 N. E. 429), and proof of such diligence was a part of the plaintiff's case. There was no evidence that the plaintiff did not discover his loss on the day of the theft. The notice required was simple, and not technical. No sufficient reason appears for a delay of nearly a month and a half before such a written notice of loss was given to anybody. Therefore it could not have been found on the evidence in the case that the plaintiff acted with due diligence."

As stated in 29 A. L. R., p. 501, by way of preface to a citation and discussion of the authorities under the heading "Whether Question for Court or Jury",

"It is very generally held that when the facts are not disputed, and the inferences are certain, the question whether the notice given was, under all the circumstances, 'timely' or 'reasonable' or 'immediate,' is one of law for the court, but if the evidence is conflicting, or the inference uncertain, it should be determined by the jury under proper instructions."

See also 14 R. C. L., p. 1329, which is to the same effect.

The facts of the present case with respect to giving the company notice of the theft are undisputed, and we find in them no basis for an inference that the insured acted within a reasonable time in sending the notice, under the circumstances. It appears from the statement of the insured quoted above that

there was no occasion for the delay and that no legal excuse was offered therefor.

It was the duty of the trial court to grant the company's motion for an instructed verdict in favor of the insurer unless by some action on its part it waived its right of defense for noncompliance by the insured with the notice requirement.

It is undisputed that the company took no action of any kind prior to receiving the notice sent almost a month after the theft of the car. Prior to that time it was ignorant of the fact that the car had been stolen and had no knowledge of whether circumstances existed which excused the delay. The notice was sent by Harper's attorney on July 28th. The company referred the matter to L. M. Kizer of the Texas Claims Service. On August 17th Kizer called upon Harper and procured from him a nonwaiver agreement reciting among things not here material, that:

"The undersigned party, J. W. Harper, the assured named in the policy, has reported to the Commercial Standard Insurance Company that the above described automobile was stolen on the night of June 30, 1932, between 8:30 o'clock P. M. and 11:30 o'clock P. M. At the time it was stolen it was parked in an alley between Washington and Austin Street and between North Fifth and North Fourth Streets. On July 28th, 1932 I went to an attorney, F. R. Valentine, and made out with his assistance an affidavit about the loss and asked him to report it to the Company. That was the first report I had made of the loss to the Insurance Company.

"It is hereby agreed by the assured and clearly understood by him that in conducting an investigation of the loss the said Commercial Standard Insurance Company is not in any way waiving any of their rights under the said policy, particularly in regard to the policy provision that a prompt notice of all losses shall be immediately reported to the company and it is further understood that the said Insurance Company does not waive any rights that they may have under the policy provisions.

"In undertaking the investigation of the said loss the assured, J. W. Harper, clearly understands that the Insurance Company does not admit any liability whatsoever for the loss but is conducting the investigation for the purpose of obtaining the circumstances and conditions surrounding the occurrence of the loss."

On September 16th Harper's attorney wrote the company asking payment of the claim. The next day the company replied, stating: "We refer you to L. M. Kizer of the Texas Claims Service in connection with this matter."

On October 18th the company wrote Harper denying liability. The letter was addressed to him in care of his attorney. The notice of loss prepared by the attorney and sent to the company as above stated, was returned in the letter with the statement that the investigation had developed that the insured had no claim under the policy.

Under the nonwaiver agreement above set out there was no waiver by the company of the notice requirement of the policy.

It is unnecessary to discuss the other questions presented. The record discloses no liability under the terms of the policy in the light of the undisputed facts. The company's motion for an instructed verdict should have been granted.

The judgments of the trial court and Court of Civil Appeals are reversed and judgment is here rendered in favor of the insurer.

Opinion adopted by the Supreme Court March 31, 1937.