**Donald J. CARROLL and Eastex, Inc., Appellants,**

v.

**EMPLOYERS CASUALTY COMPANY, Appellee.**

**No. 7291.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 30, 1971.

Rehearing Denied Jan. 20, 1972.

Ramey, Brelsford, Flock, Devereux & Hutchins, Tyler, Maroney & Cely, Lufkin, for appellants.

Renfrow, Zeleskey, Cornelius, Rogers & Berry, Lufkin, for appellee.

KEITH, Justice.

The appeal is from a summary judgment entered in a declaratory judgment action. Employers Casualty Company (hereinafter "insurer") brought suit for declaratory judgment against Donald J. Carroll and Eastex, Inc., seeking a declaration that it had no obligation to defend Carroll in a third party action pending in the federal court at Marshall, or to pay any sums which might be adjudged against Carroll in such suit.

The summary judgment proof included depositions from Carroll and his wife as well as Carroll's affidavit. Other proof included affidavits, pleadings in the federal court suit, copies of the base lease and sublease, the insurance policy, etc. The facts are not in dispute, although the parties are in disagreement as to the legal effect of such facts. Appellants, Carroll and Eastex, contend that the insurer failed to discharge its burden of proving that there was no genuine issue of fact, while the latter stoutly maintains that it conclusively established, by the summary judgment proof, that there was no genuine fact issue.

In our review of the contentions advanced by the parties, we will follow the rules announced in the recent series of cases by our Supreme Court governing the judicial review of judgments arising out of summary judgment proceedings, e. g., Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970); Harrington v. Young Men's Christian Ass'n of Houston, 452 S.W.2d 423 (Tex.Sup.1970); Torres v. Western Casualty and Surety Company, 457 S.W.2d 50 (Tex.Sup.1970). See also, Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.Sup.1965) and, Tigner v. First Nat. Bank of Angleton, 153 Tex. 69, 264 S.W.2d 85 (1954).

Insurer issued to Donald J. Carroll a comprehensive public liability insurance policy containing a contractual indorsement clause. Carroll procured such policy pursuant to his agreement with Eastex contained in a sublease to certain property adjacent to, but not adjoining, the mainline track of the Atchison, Topeka & Santa Fe Railway Company (hereinafter "Santa Fe") in Cleveland, Texas. The base lease between Eastex and Santa Fe required Eastex to indemnify and hold Santa Fe harmless from any and all claims arising out of the use of the tract leased. Carroll, in his sublease, specifically acknowledged that he was fully acquainted with the terms and conditions of the base lease and he agreed "to assume toward Eastex all of the obligations and responsibilities which it assumes toward the Lessor [Santa Fe] thereunder."

Carroll used the land to accumulate pulpwood which was then loaded on cars on the Santa Fe tracks. On *June 21, 1968,* Clarence Knighton, a brakeman upon a Santa Fe crew, sustained serious injuries when one or more logs fell from a car which Carroll had loaded. This accident happened during the noon hour when neither Carroll nor any employee was around the leased premises. Carroll learned of the accident during the afternoon and he and his only employee then on duty, James Harrell, made an investigation and the place where the accident was supposed to have occurred was pointed out to him. This location was upon the mainline track of the railroad and some one hundred fifty to two hundred feet from Carroll's leased premises.

They learned, either that day or shortly thereafter, that the Santa Fe crew of which Knighton was a member, had entered the spur track near the leased premises and removed one fully loaded car and one partially loaded car. Carroll and Harrell did not learn from which car the logs had fallen when Knighton was injured.

Later, Carroll talked with members of other Santa Fe crews and to its local

depot agent in Cleveland and learned that Knighton had been taken to Houston for treatment. He also talked with Tom Burger, an assistant manager of the round-wood procurement of Eastex, and with his brother-in-law, Emmons, who was familiar with his operation. From his investigation, Carroll concluded in his own mind that he was not liable for Knighton's injuries, and did not report the accident to his insurance company. He did not talk with Knighton nor did he consult a lawyer.

On *February 12, 1969*, Santa Fe addressed a letter to "Mr. Don Carroll, Manager, East Texas Pulp & Paper Company, Cleveland, Texas," wherein it advised him that from its investigation it had concluded "your Company is responsible for the injuries to Clarence L. Knighton." The letter also advised that if the addressee refused to honor the claim that Santa Fe would defend and then look to "East Texas Pulp & Paper Company for reimbursement." Carroll's wife signed the receipt for the letter, read it, and then threw it away. She told Carroll of the letter but did not show it to him.

Court records and other documents attached to the motion for the summary judgment show without dispute this series of events:

1. *March 4, 1969*, Knighton instituted suit in the federal court in Marshall against Santa Fe, invoking the provisions of the Federal Employers Liability Act.

2. *June 16, 1969*, Santa Fe filed its third party action in the suit seeking indemnity from Eastex upon the obligations of the base lease of the land.

3. *July 15, 1969*, an investigator, acting on behalf of Eastex, took a statement from Carroll as to his knowledge of the Knighton accident.

4. *August 5, 1969*, the attorney for Eastex called upon Carroll, tendering him the defense of the third party action. This was done both orally and in writing.

5. *August 6, 1969*, Mrs. Carroll notified insurer by telephone of the Knighton accident.

6. *August 24, 1970*, Eastex filed a third party action against Carroll upon the same grounds asserted by Santa Fe in its action against Eastex.

7. The federal judge severed the third party actions by an order entered *September 2, 1969*, and docketed the claims for indemnity in a separate action, leaving Knighton and Santa Fe the only parties to the original FELA suit.

8. Knighton recovered judgment against Santa Fe on *February 23, 1970*, the judgment being entered on *March 11, 1970*, and satisfied by an instrument filed for record on *May 26, 1970*.

Acting under a full written reservation of rights and non-waiver agreement signed by Carroll, insurer answered the third party action filed against him. The actions for indemnity have not been tried and are still pending in the federal court in Marshall.

■ Appellants (Carroll and Eastex) readily admit that the requirement in the policy of insurance that notice of an accident be given "as soon as practicable" is a condition precedent, the breach of which voids policy coverage. Standard Accident Ins. Co. v. Employers Cas. Co., 419 S.W.2d 429, 431 (Tex.Civ.App., Dallas, 1967, error ref. n. r. e.); Brown v. State Farm Mutual Automobile Ins. Co., 449 S.W.2d 93, 98 (Tex.Civ.App., Fort Worth, 1969, no writ), and cases therein cited. Appellants seek to escape this rule by asserting "that not every trivial accident, or one which only remotely involves the insured, need be reported to guarantee policy coverage." Primary reliance for this position is placed upon Texas Glass & Paint Co. v. Fidelity & Deposit Co., 244 S.W. 113, 115 (Tex. Com.App., 1922). We have no quarrel with the result reached in the *Texas Glass Case*, but it is neither applicable nor controlling here.

■ Appellants also suggest that Knighton never made a claim against him or Eastex; that Santa Fe has not sought to impose any liability upon him because of Knighton's injuries; and, that Eastex's claim is one sounding in contract and not in tort. He points to the fact that Santa Fe's letter was addressed to "East Texas Pulp & Paper Company" and mentions the fact that "your Company is responsible for the injuries to Clarence L. Knighton," indicating that it was Eastex, not Carroll, to whom Santa Fe attributed liability. He also points to the fact that he had a limited education, was unversed in the intricacies of either tort or contract law, and that in good faith he determined, *in his own mind*, from what he terms was an adequate investigation, that there was no likelihood of a claim being made against him because of Knighton's injuries.

The contentions advanced are legally insufficient to excuse the admitted failure to comply with the condition precedent in the policy of insurance. Justice Stephenson recently reviewed the authorities upon the subject in Norman v. St. Paul Fire & Marine Insurance Company, 431 S.W.2d 391 (Tex.Civ.App., Beaumont, 1968, no writ), and we consider this well-reasoned opinion as controlling in the case at bar. See also the authorities collated in 18 ALR 2d 443.

■ The facts not being in dispute as to whether notice was given "as soon as practicable," the question became one of law for determination by the court. Commercial Standard Ins. Co. v. Harper, 129 Tex. 249, 103 S.W.2d 143, 146, 110 A.L.R. 529 (1937); Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95, 97 (1955).

The summary judgment proof having established, as a matter of law, that Carroll did not give notice of the Knighton accident "as soon as practicable," the trial court did not err in entering judgment for the insurer. *Norman Case*, supra (431 S.W.2d at p. 396). Appellants' points one and two are overruled.

■ Appellants' third point, protective in nature, contends that the trial court erred in granting the summary judgment because the insurer did not prove that it was prejudiced by Carroll's failure to give notice of the Knighton accident sooner than he did. Appellants point to the fact that the Supreme Court has under review the case of Members Mutual Insurance Company v. Cutaia, 460 S.W.2d 493 (Tex.Civ.App., Houston-14th Dist., 1970, error granted), and that the insurer here did not submit summary judgment proof as to prejudice or lack thereof because of the delayed notice of the Knighton accident. Appellants say:

"Anticipating the demise of the 'no prejudice' doctrine, defendants submit that it is archaic, that is against the present trend of authorities, and that it should not be followed in this case."

*Cutaia* presented a fact situation almost compelling the engrafting of an exception upon the general rule. Ours is the usual case of delayed notice and is controlled by the decisions collated by Justice Johnson in *Cutaia* (460 S.W.2d at pp. 496–497), which we feel compelled to follow until there has been an authoritative change in the law by our court of last resort. Point three is overruled.

Affirmed.

DIES, Chief Justice (dissenting).

I respectfully dissent. Certainly if this insurance company was prevented from taking such steps as necessary to protect itself and prepare an adequate defense by failure of its insured to give notice of the accident, its duty under the policy should be released. However, there is no reason for the law to assume that this situation exists merely from a finding that notice of the accident was not given in accordance with the terms of the policy. It is at least conceivable that Employers Casualty Company received notice from some other

source and in fact did make an immediate and thorough investigation of the accident.

I would therefore reverse and remand this cause and require. a showing on the part of Employers Casualty Company that it had been prejudiced by the failure of its assured to give notice in accordance with the policy provisions.