K. BROUSSARD et al., Appellants,

v.

LUMBERMENS MUTUAL CASUALTY CO. et al., Appellees.

No. 8272.

Court of Civil Appeals of Texas, Beaumont.

May 24, 1979.

James McNicholas, Beaumont, for appellants.

Dewey Gonsoulin, David W. Ledyard, Beaumont, for appellees.

CLAYTON, Justice.

Appellants Broussard and International Galvanizers, Inc., (Galvanizers) filed this suit against St. Paul Fire and Marine Insurance Company (St. Paul) and Lumbermens Mutual Casualty Company (Lumbermens) to recover the sum of $57,233.66, which sum

Broussard had previously recovered in a judgment against Galvanizers. In a non-jury trial the court, based upon an agreed statement of facts, entered a take nothing judgment, from which judgment Broussard and Galvanizers appeal.

Broussard sustained a serious personal injury on July 31, 1970, on the premises of Galvanizers while helping to load a flatbed trailer with steel pipe, such trailer being owned by Galvanizers. Broussard and Industrial Labor Supply, Inc., were covered by a Texas Employers Insurance Association policy of worker's compensation insurance. Broussard filed a worker's compensation case against such insurance carrier and subsequently settled his claim against Texas Employers.

On March 17, 1972, Broussard filed a third party action against Galvanizers. The defense of this action was tendered by Galvanizers to St. Paul and Lumbermens. St. Paul had issued an automobile liability policy to David Dean, President of Galvanizers, and Lumbermens had issued to Galvanizers a comprehensive general liability policy. St. Paul and Lumbermens, after obtaining reservation of rights agreements, filed their answers in this case and subsequently withdrew their answers and defenses to such suit, and Galvanizers then assumed its own defense. On November 3, 1975, Broussard obtained a judgment against Galvanizers for the sum of $57,233.66. On February 22, 1977, Broussard and Galvanizers brought this suit against St. Paul and Lumbermens seeking to recover such sum under their policies.

Appellants Broussard and Galvanizers' first point complains of error by the trial court in "ruling that Dean and International Galvanizers did not have 'good cause' for late notice of the accident." Under the agreed statement of facts, it was agreed and stipulated by the parties that Broussard sustained serious injuries on July 31, 1970, which required hospitalization for over a month and medical treatment for several years; that Dean, President of Galvanizers, learned of Broussard's accident and injuries on the same day but did not give notice of the accident to St. Paul or Lumbermens until he was served with suit papers in March 1972, some twenty months later; that no other representative of Galvanizers gave notice of such accident to St. Paul or Lumbermens prior to March 1972; and, that the only reason that Dean did not report the accident any sooner was because Broussard was being taken care of by his worker's compensation carrier.

The policies issued by St. Paul and Lumbermens contained the provision that in the event that an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents "as soon as practicable," and that "no action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy. . . ."

▆ Compliance with the provision that notice be given "as soon as practicable" is a condition precedent, the breach of which voids policy coverage. *Dairyland Mutual Ins. Co. of Texas v. Roman,* 498 S.W.2d 154 (Tex.1973); *Members Mutual Insurance Co. v. Cutaia,* 476 S.W.2d 278 (Tex.1972); *New Amsterdam Casualty Co. v. Hamblen,* 144 Tex. 306, 190 S.W.2d 56 (1945); *Klein v. Century Lloyds,* 154 Tex. 160, 275 S.W.2d 95 (1955); *Latham v. Mountain States Mutual Casualty Co.,* 482 S.W.2d 655 (Tex.Civ.App. —Houston [1st Dist.] 1972, writ ref'd n. r. e.); *Carroll v. Employers Casualty Co.,* 475 S.W.2d 390 (Tex.Civ.App.—Beaumont 1971, writ ref'd n. r. e.).

▆ The facts not being in dispute as to whether notice was given "as soon as practicable," the question becomes one of law for the determination by the court. *Commercial Standard Ins. Co. v. Harper,* 129 Tex. 249, 103 S.W.2d 143, 146, 110 A.L.R. 529 (1937); *Klein v. Century Lloyds,* supra; *Carroll v. Employers Casualty Company,* supra; *Norman v. St. Paul Fire & Marine Insurance Co.,* 431 S.W.2d 391 (Tex.Civ.App. —Beaumont 1968, no writ).

▆ The phrase "as soon as practicable" as used in the notice provision of general liability policies requiring the insured to

give the insurer notice of an accident or occurrence as soon as practicable means notice within a reasonable time, and what is a reasonable time depends upon the facts and circumstances in each particular case. *Insurance Company of North America v. Asarco, Inc.,* 562 S.W.2d 557 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.); *Employers Casualty Co. v. Scott Electric Co.,* 513 S.W.2d 642 (Tex.Civ.App.—Corpus Christi 1974, no writ).

The delay of twenty months in giving notice of Broussard's accident to the insurance companies did not constitute giving notice "as soon as practicable" as required by the insurance policies. See *Edwards v. Ranger Insurance Co.,* 456 S.W.2d 419 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.); *Standard Accident Insurance Co. v. Employers Casualty Co.,* 419 S.W.2d 429 (Tex.Civ.App.—Dallas 1967, writ ref'd n. r. e.); *Norman v. St. Paul Fire & Marine Insurance Co.,* supra, and authorities cited therein; *Lane v. Anchor Casualty Co.,* 355 S.W.2d 90 (Tex.Civ.App.—Houston 1962, no writ); *Klein v. Century Lloyds,* supra.

Galvanizers seeks to excuse or escape from the delay in giving the required notice of accident for the reason that Dean, President of Galvanizers, knew that Broussard was being taken care of by his worker's compensation carrier. This was its sole excuse. This contention is legally insufficient to excuse the admitted failure to comply with the condition precedent in the policies of insurance. The excuse offered is not even a belief that Broussard would not make a claim against Galvanizers. It has been held the mere belief that the injured person would not make a claim against the insured is insufficient to excuse the late notice. *Norman v. St. Paul Fire & Marine Insurance Co.,* supra; *Kellum v. Pacific National Fire Insurance Co.,* 360 S.W.2d 538 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.). See *Standard Accident Insurance Co. v. Employers Casualty Co.,* 419 S.W.2d 429, supra; *Employers Casualty Co. v. Scott Electric Co.,* supra; *Dunn v. Travelers Indemnity Co.,* 123 F.2d 710 (5th Cir. 1941); *National Surety Corp. v. Diggs,* 272 S.W.2d

604 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n. r. e.). This point is overruled.

In view of our disposition of this appeal, we deem it unnecessary to consider the other points of error urged by appellants.

Finding no error, the judgment of the trial court is affirmed.

AFFIRMED.