In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00196-CR
______________________________


JOHN ELWIN HANSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 30353-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            John Elwin Hanson entered a plea of guilty to the offense of robbery and true to an
enhancement paragraph. With the enhancement allegation, the range of punishment was
imprisonment for life or for any term of not more than ninety-nine years or less than five years and
a fine not to exceed $10,000.00. Tex. Pen. Code Ann. § 12.42(b) (Vernon Supp. 2004). Hanson
elected to have the jury assess his punishment. A jury trial was conducted on the punishment issue,
and the jury assessed punishment at forty years' confinement. Hanson appeals on the sole issue that
the sentence is disproportionate to the offense. We affirm the judgment of the trial court. 
            On February 3, 2003, Hanson entered a Texaco service station in Liberty City and
approached the clerk. With his hand wrapped in a towel, he demanded that the clerk give him the
money from the cash register. The clerk testified, "I did not know what he had in that towel, and I
wasn't going to take any chances." After the clerk gave him approximately $150.00 from the
register, he left, went to a nearby Dairy Queen, ordered tacos, and stayed there for more than an hour. 
He was found, arrested, identified, and taken into custody that same night. 
Disproportionate Sentence Allegation
            We have previously held that the failure to present the issue of disproportionate sentencing
to the trial court waives error on appeal. Rodriguez v. State, 71 S.W.3d 778, 779 (Tex.
App.—Texarkana 2002, no pet.); Jackson v. State, 989 S.W.2d 842, 845 (Tex. App.—Texarkana
1999, no pet.). No such objection was made here, and the error was waived. 
            Even if error were preserved, we find the sentence is not disproportionate. The United States
Supreme Court in Solem v. Helm, 463 U.S. 277, 284 (1983), held the Eighth Amendment (U.S.
Const. amend. VIII) prohibits sentences that are disproportionate to the crime. The Solem test
requires a three-part analysis: (1) the gravity of the offense and the harshness of the penalty; (2) the
sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for
commission of the same crime in other jurisdictions. See id. at 292. As we noted in Davis v. State,
905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd), the United States Supreme Court
modified the Solem test in Harmelin v. Michigan, 501 U.S. 957 (1991). It is now recognized that,
under the United States and Texas Constitutions, 1) a prohibition against "grossly disproportionate"
sentences survives independently of legislative punishment ranges, and 2) a modified Solem analysis
applies. Under the Solem proportionality analysis as modified by Harmelin, we initially make a
threshold comparison of the gravity of the offense against the severity of the sentence and then
consider whether the sentence is grossly disproportionate to the offense. Only if we find that the
sentence received is grossly disproportionate to the offense will we then consider the remaining
factors of the Solem test and compare the sentence received to sentences for similar crimes in the
same jurisdiction and to sentences for the same crime in other jurisdictions. Davis v. State, No. 06-03-00201-CR, 2003 Tex. App. LEXIS 10562, at *4 (Tex. App.—Texarkana 2003, no pet.); Jackson,
989 S.W.2d at 846.
            Here, the gravity of the offense is not disproportionate to the severity of the sentence. At
trial, Hanson pled guilty to robbery, a second-degree felony which was enhanced by a prior felony,
making his sentence a first-degree felony with a maximum punishment of life imprisonment. This
offense alleged Hanson placed the victim "in fear of imminent bodily injury or death." The evidence
shows he had been previously convicted of at least five felonies, including burglary and robbery, and
of numerous misdemeanor theft charges. In 1993, he was sentenced to fifteen years' confinement
for burglary. In 2003, he was sentenced to twenty years' confinement for robbery. 
            In explaining his background, Hanson states that he is thirty-eight years of age; his parents
are deceased; he has a "real bad" drug problem; when he went to prison previously, he had no drug
treatment; he has worked in the oil field; he lost his job because he failed a drug test; at the time of
this robbery, he was homeless, had no job, no transportation, and was hungry; he never threatened
the victim of this robbery; and he did not have a weapon at the time of the robbery; and was sorry
for what he had done. 
            Considering the gravity of this offense and Hanson's criminal history, we do not find the
severity of the sentence to be grossly disproportionate to the gravity of the crime. We overrule the
point of error and affirm the judgment of the trial court. 
 


                                                                        Jack Carter
                                                                        Justice

Date Submitted:          February 27, 2004
Date Decided:             March 9, 2004

Do Not Publish




e insurance provisions in question is properly within the prerogative of the State Board of
Insurance or the Legislature." Id. The State Board of Insurance partially responded to this
observation by making something of an edict (4) which applied to bodily injury liability and property
damage liability policies only; this order restricted the ability of insurers under that kind of insurance
policy to raise the defense of failure of proper notice only when such failure to notify prejudiced the
insurer. It did not choose to address this same issue with regard to casualty insurance policies. 
Therefore, this order does not apply to casualty claims such as the one before us. As a result, due
to inaction on the part of those who are able to change it, the apparent injustice recognized by the
Texas Supreme Court in 1972 in the Cutaia case remains the law as to this kind of insurance policy. 

 The position of Travelers is that set out in Broussard v. Lumbermens Mut. Cas. Co., 582
S.W.2d 261 (Tex. Civ. App.--Beaumont 1979, no writ), which states:


 Compliance with the provision that notice be given "as soon as practicable" is a
condition precedent, the breach of which voids policy coverage. Dairyland Mutual
Ins. Co. of Texas v. Roman, 498 S.W.2d 154 (Tex. 1973); Members Mutual
Insurance Co. v. Cutaia, 476 S.W.2d 278 (Tex. 1972); New Amsterdam Casualty Co.
v. Hamblen, 144 Tex. 306, 190 S.W.2d 56 (1945); Klein v. Century Lloyds, 154 Tex.
160, 275 S.W.2d 95 (1955); Latham v. Mountain States Mutual Casualty Co., 482
S.W.2d 655 (Tex. Civ. App.--Houston [1st Dist.] 1972, writ ref'd n.r.e.); Carroll v.
Employers Casualty Co., 475 S.W.2d 390 (Tex. Civ. App.--Beaumont 1971, writ
ref'd n.r.e.).


 The facts not being in dispute as to whether notice was given "as soon as
practicable," the question becomes one of law for the determination by the court.
Commercial Standard Ins. Co. v. Harper, 129 Tex. 249, 103 S.W.2d 143, 146, 110
A.L.R. 529 (1937); Klein v. Century Lloyds, supra; Carroll v. Employers Casualty
Company, supra; Norman v. St. Paul Fire & Marine Insurance Co., 431 S.W.2d 391
(Tex. Civ. App.--Beaumont 1968, no writ).


Id. at 262.

 Conditions precedent are stipulations that call for the performance of some
act or the occurrence of some event before an agreement is enforceable. Examples
of conditions precedent in insurance contracts are the giving of notice of claim or
loss, the timely filing of proof of loss, reporting the loss to proper authorities, filing
suit within a specified time, timely forwarding suit papers to a liability insurer, and
the like. 


Love of God Holiness Temple Church v. Union Standard Ins. Co., 860 S.W.2d 179, 180 (Tex.
App.--Texarkana 1993, writ denied). Whether the outcome is harsh or not, "Compliance with the
provision that prompt written notice be given by the insured is a condition precedent, the breach of
which voids policy coverage." Stonewall Ins. Co. v. Modern Exploration, Inc., 757 S.W.2d 432, 435
(Tex. App.--Dallas 1988, no writ).

 The trial court properly found that Caddell failed to comply with the contractual provision
that she file a written proof of loss and that the filing of such a proof of loss was a condition
precedent to coverage under the policy. 

 Did the fact that Travelers provided a toll-free telephone number for its policyholders to use
to call in oral claims or the fact that Travelers responded promptly to a called-in claim from Caddell
raise a question of waiver under the policy it issued to Caddell? Could it have been estopped to deny
that its actions in responding to a telephonic notice precluded it from raising this defense at trial?
Since neither waiver nor estoppel was pled or pursued pursuant to Rule 94 of the Texas Rules of
Civil Procedure, Caddell raised neither issue and we do not explore what might have been if she had. 
See Tex. R. Civ. P. 94.

 The issue of mitigation of damages is not addressed here. If Travelers is not liable under the
policy of insurance due to the violation of the condition precedent to coverage, neither the amount
of damages sustained nor the question of whether the damages could have been mitigated is
pertinent. 

 We affirm the judgment. 




 Bailey C. Moseley

 Justice


Date Submitted: January 24, 2007

Date Decided: June 1, 2007
1. The parents' claims were restricted to ancillary damages with regard to the mold issue, but
are not part of this appeal. 
2. This unusual wording begs the question as to what enforcement remedies would be available
to Caddell if she "asks" Travelers to reissue the check and Travelers then refuses to honor that
"obligation." However, Caddell does not complain of this oddity and we do not address it.
3. Travelers's coverage under the insurance policy terminated July 19, 2002.
4. State Board of Insurance Order 23080 states the following: 


 As respects bodily injury liability coverage and property damage liability coverage,
unless the company is prejudiced by the insured's failure to comply with the
requirement, any provision of this policy requiring the insured to give notice of
action, occurrence or loss, or requiring the insured to forward demands, notices,
summons or other legal process, shall not bar liability under this policy. 


Available at http://www.tdi.state.tx.us/company/pcck23080.html.