In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00063-CV


______________________________




DEBORA CADDELL, Appellant



V.



TRAVELERS LLOYDS OF TEXAS


INSURANCE COMPANY, Appellee



 


On Appeal from the 191st Judicial District Court


Dallas County, Texas


Trial Court No. 04-06543-L




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Debora Caddell suffered hail damage to her home in April 2002. After a lengthy dispute with
her insurer, Travelers Lloyds of Texas Insurance Company (Travelers), Caddell, joined by her
parents (who resided in the home with her), (1) brought suit against Travelers on July 13, 2004. 
Travelers filed a traditional motion for summary judgment on May 27, 2005, alleging (1) that
Caddell had failed to comply with the terms of the policy by not filing a written timely notice of loss,
(2) that Caddell had violated an obligation to mitigate the loss, and (3) that Caddell's claim included 
uninsured losses. By order dated February 17, 2006, the trial court granted a take-nothing summary
judgment on all of Caddell's claims except that it "shall not preclude Debra [sic] Caddell from asking
Defendant [Travelers] to reissue the check in the amount of $3,057.64, or affect Defendant's
obligation to reissue it upon such request." (2) It is from this final summary judgment that Caddell has
appealed.

FACTUAL BACKGROUND

 Caddell suffered damage to her roof in a hailstorm during April 2002. On July 19, 2002,
Caddell availed herself of a toll-free number provided by Travelers to make a claim for the damages
incurred by her. Caddell also claimed that leakage of the roof had caused other damages, including
the growth of mold within the house, which Caddell maintains came about as a result of damage to
the roof. Caddell never filed a written notice of loss.

 In response to the telephone claim, an inspector came to Caddell's residence. Caddell and
Travelers each maintain that the other failed to thereafter properly communicate with the other. 
Illustrative of this breakdown of communication is that Travelers claimed that it had mailed Caddell
a letter on October 4, 2002, indicating that it would be sending a check in the sum of $3,057.64, the
letter stating, in part, "If for any reason you do not receive this payment, please call me and I will
look into it for you." Caddell said that, although she received the letter indicating that the check was
being transmitted, no check was ever received by her and Travelers never received a report that she
did not receive the check. 

 Caddell and her parents filed suit against Travelers July 13, 2004. In the pleadings, Caddell
maintains that the unrepaired leaky roof caused the growth of dangerous mold throughout the house
and that the existence of the mold caused her and her parents' health problems, along with emotional
trauma. Caddell also maintains bad faith on the part of Travelers.

 Travelers responded by alleging a failure of Caddell to mitigate damages, a failure of Caddell
to cooperate in the investigation of the loss and repair of damages, limitations, boundaries of
coverage, failure to comply with provisions of the policy, and damages occurring outside the
termination date of the policy. (3)

STANDARD OF REVIEW

 The standards for reviewing a motion for summary judgment are well established: (1) the
movant for summary judgment has the burden of showing that no genuine issue of material fact
exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken
as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any
doubts resolved in its favor. See Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex.
1985). The function of summary judgment is not to deprive litigants of the right to trial by jury, but
to eliminate "patently unmeritorious claims or untenable defenses." Swilley v. Hughes, 488 S.W.2d
64, 68 (Tex. 1972). The propriety of summary judgment is a question of law; therefore, we review
de novo the trial court's decision. See Tex. Dep't of Ins. v. Am. Home Assurance Co., 998 S.W.2d
344, 347 (Tex. App.--Austin 1999, no pet.). To prevail on a motion for summary judgment, a
movant must establish that there is no genuine issue as to any material fact and that the movant is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). Summary judgment for a defendant
is proper when the defendant negates at least one element of each of the plaintiff's theories of
recovery or pleads and conclusively establishes each element of an affirmative defense. Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997); Wornick Co. v. Casas, 856 S.W.2d
732, 733 (Tex. 1993). All doubts about the existence of a genuine issue of a material fact must be
resolved against the movant. Johnson County Sheriff's Posse, Inc. v. Endsley, 926 S.W.2d 284, 285
(Tex. 1996).

ANALYSIS

 Caddell's response to the motion for summary judgment contains no summary judgment
evidence itself, but incorporates by reference some of the summary judgment evidence contained in
the motion for summary judgment filed by Travelers. However, Caddell's response is marred in
many respects by her apparent assumption that Travelers's motion incorporates the full text of
Caddell's deposition and that of her mother, Eva. It does not. Therefore, if the reader of Caddell's
response is able to figure out the rather arcane code employed in the motion for summary judgment
to decipher the references to summary judgment proof to which Caddell makes reference, it becomes
plain that the summary judgment evidence to which Caddell refers is often unavailable to sustain
many of her points. 

 Travelers's motion for summary judgment was based upon two primary points: (1) that
Caddell failed to comply with the contractual obligation to provide Travelers with prompt written
notice of loss, and (2) that Caddell violated her duty to mitigate damages.

 Caddell pointed out that July 2002 was when she first became aware that a hailstorm in
April 2002 had damaged her roof. The insurance policy she had purchased from Travelers contained
instructions to the insured. In a double-lined inset box on the contents page of the policy is the
heading, "Your Duties After A Loss" under which it directs the policyholder to "Give prompt written
notice to the company." Page 6 of the policy provides, "In case of a loss to covered property caused
by a Peril Insured Against, you must: (1) give prompt written notice to us of the facts relating to the
claim." On page 12 of the policy, under the heading of "Duties After Loss," it requires the
policyholder to "Give written notice to us or our agent as soon as is practical" information
concerning the policy, the circumstances of the loss, and other information. (In other words, proof
of loss.) There is nothing in the insurance policy which restricts this notice requirement to
circumstances in which the insurer is prejudiced by a delay in making the claim. On the other hand,
the letter of transmittal of the policy says, "For Claim Service call 1-800-CLAIM33." Caddell never
gave Travelers any written notice at all but, instead, called the claim service number. 

 Caddell cites Duzich v. Marine Office of Am. Corp., 980 S.W.2d 857 (Tex. App.--Corpus
Christi 1998, pet. denied), as authority that, although there was no substantial compliance with the
written notice provision of an insurance contract, failure to comply is not fatal to the insured's claim
unless the insurer is unduly prejudiced. Duzich is not the only case which holds that the insurer must
show prejudice if it chooses to invoke timely notice as a condition precedent to coverage. It is
possible to cite a litany of cases similar to this, such as Harwell v. State Farm Mut. Auto. Ins. Co.,
896 S.W.2d 170, 173-74 (Tex. 1995); Liberty Mut. Ins. Co. v. Cruz, 883 S.W.2d 164, 165 (Tex.
1993).

 However, those cases are not controlling here. Each of those cases involves liability policies
of insurance, not casualty insurance. As a group, they also come subsequent to the case of Members
Mut. Ins. Co. v. Cutaia, 476 S.W.2d 278 (Tex. 1972). In it, the Texas Supreme Court acknowledged
the situation of this seemingly-harsh treatment of notice being a condition precedent to coverage,
stating that, "While an injustice has apparently resulted in this particular case, the matter of rewriting
the insurance provisions in question is properly within the prerogative of the State Board of
Insurance or the Legislature." Id. The State Board of Insurance partially responded to this
observation by making something of an edict (4) which applied to bodily injury liability and property
damage liability policies only; this order restricted the ability of insurers under that kind of insurance
policy to raise the defense of failure of proper notice only when such failure to notify prejudiced the
insurer. It did not choose to address this same issue with regard to casualty insurance policies. 
Therefore, this order does not apply to casualty claims such as the one before us. As a result, due
to inaction on the part of those who are able to change it, the apparent injustice recognized by the
Texas Supreme Court in 1972 in the Cutaia case remains the law as to this kind of insurance policy. 

 The position of Travelers is that set out in Broussard v. Lumbermens Mut. Cas. Co., 582
S.W.2d 261 (Tex. Civ. App.--Beaumont 1979, no writ), which states:


 Compliance with the provision that notice be given "as soon as practicable" is a
condition precedent, the breach of which voids policy coverage. Dairyland Mutual
Ins. Co. of Texas v. Roman, 498 S.W.2d 154 (Tex. 1973); Members Mutual
Insurance Co. v. Cutaia, 476 S.W.2d 278 (Tex. 1972); New Amsterdam Casualty Co.
v. Hamblen, 144 Tex. 306, 190 S.W.2d 56 (1945); Klein v. Century Lloyds, 154 Tex.
160, 275 S.W.2d 95 (1955); Latham v. Mountain States Mutual Casualty Co., 482
S.W.2d 655 (Tex. Civ. App.--Houston [1st Dist.] 1972, writ ref'd n.r.e.); Carroll v.
Employers Casualty Co., 475 S.W.2d 390 (Tex. Civ. App.--Beaumont 1971, writ
ref'd n.r.e.).


 The facts not being in dispute as to whether notice was given "as soon as
practicable," the question becomes one of law for the determination by the court.
Commercial Standard Ins. Co. v. Harper, 129 Tex. 249, 103 S.W.2d 143, 146, 110
A.L.R. 529 (1937); Klein v. Century Lloyds, supra; Carroll v. Employers Casualty
Company, supra; Norman v. St. Paul Fire & Marine Insurance Co., 431 S.W.2d 391
(Tex. Civ. App.--Beaumont 1968, no writ).


Id. at 262.

 Conditions precedent are stipulations that call for the performance of some
act or the occurrence of some event before an agreement is enforceable. Examples
of conditions precedent in insurance contracts are the giving of notice of claim or
loss, the timely filing of proof of loss, reporting the loss to proper authorities, filing
suit within a specified time, timely forwarding suit papers to a liability insurer, and
the like. 


Love of God Holiness Temple Church v. Union Standard Ins. Co., 860 S.W.2d 179, 180 (Tex.
App.--Texarkana 1993, writ denied). Whether the outcome is harsh or not, "Compliance with the
provision that prompt written notice be given by the insured is a condition precedent, the breach of
which voids policy coverage." Stonewall Ins. Co. v. Modern Exploration, Inc., 757 S.W.2d 432, 435
(Tex. App.--Dallas 1988, no writ).

 The trial court properly found that Caddell failed to comply with the contractual provision
that she file a written proof of loss and that the filing of such a proof of loss was a condition
precedent to coverage under the policy. 

 Did the fact that Travelers provided a toll-free telephone number for its policyholders to use
to call in oral claims or the fact that Travelers responded promptly to a called-in claim from Caddell
raise a question of waiver under the policy it issued to Caddell? Could it have been estopped to deny
that its actions in responding to a telephonic notice precluded it from raising this defense at trial?
Since neither waiver nor estoppel was pled or pursued pursuant to Rule 94 of the Texas Rules of
Civil Procedure, Caddell raised neither issue and we do not explore what might have been if she had. 
See Tex. R. Civ. P. 94.

 The issue of mitigation of damages is not addressed here. If Travelers is not liable under the
policy of insurance due to the violation of the condition precedent to coverage, neither the amount
of damages sustained nor the question of whether the damages could have been mitigated is
pertinent. 

 We affirm the judgment. 




 Bailey C. Moseley

 Justice


Date Submitted: January 24, 2007

Date Decided: June 1, 2007
1. The parents' claims were restricted to ancillary damages with regard to the mold issue, but
are not part of this appeal. 
2. This unusual wording begs the question as to what enforcement remedies would be available
to Caddell if she "asks" Travelers to reissue the check and Travelers then refuses to honor that
"obligation." However, Caddell does not complain of this oddity and we do not address it.
3. Travelers's coverage under the insurance policy terminated July 19, 2002.
4. State Board of Insurance Order 23080 states the following: 


 As respects bodily injury liability coverage and property damage liability coverage,
unless the company is prejudiced by the insured's failure to comply with the
requirement, any provision of this policy requiring the insured to give notice of
action, occurrence or loss, or requiring the insured to forward demands, notices,
summons or other legal process, shall not bar liability under this policy. 


Available at http://www.tdi.state.tx.us/company/pcck23080.html.